UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAUL MEZA, | § | |
|     Plaintiff | § | |
| v. | § | CIVIL ACTION NO. |
| | § | A-05-CA-1008-LY |
| TRAVIS COUNTY, et. al | § | |
|     Defendants | § | |

## PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION

Plaintiff Raul Meza asks that the Court issue a Temporary Injunction enjoining Defendants Brian Collier and Brad Livingston from illegally restraining Mr. Meza's liberty by preventing him from obtaining employment pursuant to the conditions of his mandatory supervision. Plaintiff asks that the temporary injunction prohibit these Defendants from denying Plaintiff the opportunity to accept a construction position offered to him by Missions of Hope Ministries.

### PARTIES

Plaintiff Raul Meza is a parolee currently incarcerated in the Travis County Correctional Complex (TCCC).

Defendant Brian Collier is the Director of the Texas Department of Criminal Justice (TDCJ) Parole Division. Defendant Brad Livingston is the executive director of TDCJ. Defendants control the parole apparatus that is denying Mr. Meza the same opportunities offered to other parolees.[1]

### FACTS

TDCJ released Mr. Meza to the custody of TCCC on mandatory supervision on September 25, 2002. Mandatory supervision allows parolees at TCCC to search for a job in the

---

1 Travis County and the Travis County Sheriff, Greg Hamilton, were originally named defendants in this action. Though they have not yet been formally dismissed, counsel for Mr. Meza and Travis County have agreed in principle to dismiss the case as to the Travis County defendants.

community and to leave the facility to work after they have secured employment. After work, parolees return to the facility. Mr. Meza has made numerous attempts to secure employment but Defendants have refused to allow him to accept multiple positions.

On August 21, 2006, Mr. Meza had a job interview for a construction position with Missions of Hope Ministries. Missions of Hope Ministries offered Mr. Meza the position the next day. Missions of Hope Ministries is a faith-based construction firm dedicated to giving individuals a second chance. On September 13, 2006, twenty-two days after the job was offered, Mr. Meza was told he could only accept the position after the job site was screened by TDCJ's investigators and approved by the Boards of Pardons and Paroles (BPP). On or around October 2, 2006, BPP informed Mr. Meza he could not accept the job. No other parolee is required to have his job opportunities approved by BPP, and no condition of Mr. Meza's release states that job opportunities will have to be approved by BPP.

Currently, there is a position for Mr. Meza to work with Missions of Hope Ministries at a construction site located at 2931 Eckert St., Austin, Texas. This location complies with all of his parole conditions, including not being within five hundred feet of any place where children gather.

Because Defendants' actions have prevented Mr. Meza from securing a job, his liberty is considerably more restricted than other parolees on mandatory supervision at TCCC or required by law. Defendants allow other parolees to leave the facility and work in the community and have not afforded Mr. Meza any due process of law to justify his disparate treatment at TCCC. No conditions of Mr. Meza's mandatory supervision justify this disparate treatment.

## ELEMENTS OF MR. MEZA'S REQUEST FOR TEMPORARY INJUNCTION

The following must be shown for Mr. Meza to be entitled to a temporary injunction: (1) a substantial likelihood that he will succeed on the merits; (2) a substantial threat of irreparable

injury if the temporary injunction is not granted; (3) the threatened injury to Mr. Meza outweighs the threatened harm to Defendants; and (4) granting the temporary injunction will not disserve the public interest. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). A temporary injunction should only be granted if the plaintiff has "clearly carried the burden of persuasion" on all four requirements. *Id.* at 621.

1. Substantial Likelihood of Success on the Merits

Mr. Meza claims that the two Defendants impose conditions on his confinement that are qualitatively different from conditions imposed on other parolees. Other parolees on mandatory supervision have been allowed to leave the facility to work in the community whereas Mr. Meza has been repeatedly denied the opportunity to obtain employment. The additional restrictions informally imposed on Mr. Meza have not been justified by due process or required by any of his parole conditions and thus violate his due process rights pursuant to 42 U.S.C. § 1983.

Determining whether a parolee released on mandatory supervision has a right to procedural due process depends on a two-step test: (1) whether the parolee has a liberty interest in not having a condition placed on his parole, and (2) whether the state provided constitutionally sufficient procedures before imposing the parole conditions. *Coleman v. Dretke*, 395 F. 3d 216, 221 (5th Cir. 2004). A parolee may have a liberty interest in not having a condition placed on his parole arising under the Due Process Clause itself, or under state law. *Id.* at 221.

The Due Process Clause provides a parolee with a liberty interest in freedom from the stigma and restrictive treatment of parole conditions which are qualitatively different from other conditions which may be imposed on an inmate's release. *Id.* at 223. The state is required to provide procedural protections before imposing such qualitatively different conditions. *Id.* at 223. In *Coleman*, the 5th Circuit held that TDCJ may impose reasonable conditions on parole to further the interests of protecting the community and rehabilitating the parolee, but when the

conditions conflict with a parolee's liberty interest, they may only be imposed with justification. *Id.* at 225.

States may also create liberty interests which are generally limited to freedom from restrictions which impose atypical and significant hardship on a parolee in relation to the ordinary conditions of parole release. *See Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). In determining what constitutes an atypical and significant hardship for a parolee in relation to ordinary conditions of parole, the Supreme Court's description of a parolee's liberty interests in *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) is relevant: "The liberty of a parolee enables him to do a wide range of things open to persons who have never been convicted of any crime.... Subject to the conditions of his parole, he can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life."

Mr. Meza has a liberty interest to be free from the informal restrictions placed on his parole and to be able to obtain employment. This liberty interest arises under the Due Process Clause and under state law because the refusal to allow Mr. Meza to accept the job he has secured is a condition which is qualitatively different from conditions imposed on other Texas parolees, and which imposes an atypical and significant hardship upon Mr. Meza in relation to the ordinary conditions of parole release.

Ordinarily, parolees released to mandatory supervision are allowed to search for a job in the community, and, once a job is secured, they are allowed to leave the facility to work. Mandatory supervision is "the release of a prisoner from imprisonment, but not on parole, and not from the legal custody of the state, for rehabilitation outside prison walls under such conditions and provisions for disciplinary supervision as the board may determine." Tex. Crim. Pro. Art. 42.18(2)(b) (1987). The purpose of mandatory supervision is "to aid all prisoners to readjust to society upon completion of their period of incarceration." Tex. Crim. Pro. Art.

4

42.18(1) (1987). Indeed, Mr. Meza's conditions of mandatory supervision *require* him to seek and secure employment. *See* Exhibit 1, Mr. Meza's Conditions of Mandatory Supervision, *e.g.*, Conditions 0.034 (required to participate in County Jail Work Program), and SISP (actively seek employment).

Since Defendants Collier and Livingston have not afforded Mr. Meza any due process of law to justify his disparate treatment, Mr. Meza has been denied a liberty interest and should be allowed to obtain employment. *See Coleman*, 395 F.3d at 221. Since Mr. Meza has demonstrated he will likely prevail on the merits of his claim, a temporary injunction should be granted.

2. Irreparable Injury

If the temporary injunction is not granted, Mr. Meza will not be allowed to take the job he has been offered and will be forced to remain in confinement without due process of law. An injury is considered irreparable when it cannot be undone through monetary relief. *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981). In *Deerfield*, the 5th Circuit recognized that the loss of First Amendment freedoms and the right to privacy, for even short periods of time, constituted irreparable injury.

Although this case does not raise First Amendment or privacy rights, it involves the deprivation of Constitutional rights for which no other remedy is available if the temporary injunction is not granted since Section 1983 limits remedies against the state to injunctive and declaratory relief. *See Rum Creek Coal Sales v. Caperton*, 926 F.2d 353, 361 (4th Cir. 1991).

Mr. Meza has been subjected to disparate treatment and prevented from obtaining employment as part of his rehabilitation. This deprivation of Mr. Meza's constitutionally protected liberty interest constitutes irreparable harm because it cannot be fully remedied with monetary relief.

3.     Harm to Defendants

The threatened injury to Mr. Meza's liberty interest substantially outweighs any possible harm the temporary injunction will cause Defendants, because the temporary injunction will not cause any foreseeable harm to Defendants. Defendants would only benefit from allowing Mr. Meza to accept the job position at Missions of Hope Ministries because Mr. Meza will eventually no longer have to be incarcerated at TCCC at Defendants' expense.

4.     The Public Interest

No evidence has been provided to show that the public has an interest in preventing Mr. Meza from obtaining employment. On the contrary, allowing Mr. Meza to work would serve the public interest because Mr. Meza would no longer require the public resources necessary to keep him confined and would be able to provide for himself. Securing employment will allow Mr. Meza to become rehabilitated under the conditions of mandatory supervision. According to the conditions of mandatory supervision, the public has stated through the legislature that releasing individuals like Mr. Meza to work is in their interest. Therefore, granting the temporary injunction will not disserve the public interest.

## CONCLUSION AND PRAYER FOR RELIEF

Mr. Meza has shown: a substantial likelihood of prevailing on the merits of the claim; a substantial threat of irreparable injury if the temporary injunction is not granted; the threatened injury to Mr. Meza outweighs any other threatened harm; and granting the temporary injunction will not disserve the public interest. Mr. Meza prays that the Court grant a temporary injunction to enjoin Defendants from refusing to allow him to accept the job position offered to him by Missions of Hope Ministries and allow him to attend work in compliance with his conditions of parole.

Dated: October 23, 2006.

                                       Respectfully submitted,

                                       /s/ Scott Medlock  
                                       Scott Medlock  
                                       State Bar No. 24044783  
                                       James C. Harrington  
                                       State Bar No. 09048500

                                       TEXAS CIVIL RIGHTS PROJECT  
                                       1405 Montopolis Dr.  
                                       Austin, TX 78741  
                                          (512) 474-5073 [phone]  
                                          (512) 474-0726 [fax]

                                       ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

A true copy this document was sent to Assistant Attorney General of Texas, Celamaine Cunniff, P.O. Box 12548, Capitol Station, Austin, TX, 78711, via fax, 512-495-9139, and to Assistant Travis County Attorney, Elaine Casas, 314 W. 11th Street, Granger Building, Suite 40, Austin, TX, 78701, via fax, 512-854-4808, on October 23, 2006.

                                       /s/ Scott Medlock  
                                       Scott Medlock

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAUL MEZA,<br>　　　　Plaintiff<br>v.<br><br>TRAVIS COUNTY, et. al<br>　　　　Defendants | §<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>A-05-CA-1008-LY |

**ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION**

This Court, having considered Plaintiff's Motion for Temporary Injunction and all other pleadings, hereby GRANTS the motion in its entirety. Defendants are temporarily enjoined from preventing Mr. Meza from obtaining employment with Missions of Hope Ministries and from preventing Mr. Meza from attending work.

Signed this _____ day of _____, 2006.

_____
Lee Yeakel
United States District Judge

8