## BUSINESS RECORDS AFFIDAVIT

STATE OF TEXAS

COUNTY OF TRAVIS

BEFORE ME, the undersigned authority, personally appeared JOHN F. MULLANEY, who, being duly sworn by me, deposed as follows:

"My name is JOHN F. MULLANEY. I am over 18 years of age, of sound mind, capable of making this affidavit, and have personally knowledge of the facts herein stated:

"I am employed as the Assistant Director of the Central File Coordination Unit. I am the custodian of the attached records of the Texas Department of Criminal Justice. These records are kept by the Texas Department of Criminal Justice in the regular course of business of the Texas Department of Criminal Justice for an employee or representative of the Texas Department of Criminal Justice, with the knowledge of the act, event, condition, or opinion, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the originals from MEZA, RAUL # 332350 parole file.

_____
AFFIANT

SWORN TO AND SUBSCRIBED before me on this the ___ day of June, 2006.

MARY ANGELA MORENO
NOTARY PUBLIC
State of Texas
Comm. Exp. 05-29-2009

_____
NOTARY PUBLIC in and for
The State of Texas
My Commission expires:

TDCJ-PD



# State of Texas

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### PARDONS AND PAROLE DIVISION

Date of issuance: 11/13/2003

TDCJ #
00332350

SID #
02286353

Name
MEZA, RAUL

Legal county of residence
TRAVIS

Approved county of release
TRAVIS

Cause#:   65,241

The Texas Department of Criminal Justice Institutional Division (TDCJ-ID) of the State of Texas has determined that said offender is eligible for Mandatory Supervision under the provisions of Chapter 508, Texas Gov't. Code.  THEREFORE, the Texas Board of Pardons and Paroles (Board) hereby orders that said offender be released under Mandatory Supervision and shall immediately report to the office indicated below for supervision:

AUSTIN DPO 1
2101 EAST BEN WHITE
AUSTIN, TX  78741
(512)442-8367

**Go directly to your approved residential plan.  Report to your Parole Officer by 9 A.M. the first working day after release date.  Failure to do so will cancel further gate money and result in the issuance of arrest warrant.**

and shall be permitted to be at liberty in the legal custody of the State of Texas but subject to the orders of the Board and the Texas Department of Criminal Justice Parole Division, and under the rules and conditions of Mandatory Supervision herein.  The period of Mandatory Supervision shall be for a period equivalent to the maximum term for which the offender was sentenced less calendar time actually served on the sentence.  The time to be served under Mandatory Supervision is also calculated as calendar time.  The certificate shall become effective when eligibility requirements for Mandatory Supervision under Chapter 508, Texas Gov't. Code have been met or when Mandatory Supervision is ordered by the Board of Pardons and Paroles.

## STATUTORILY MANDATED CONDITIONS

Unless otherwise provided, I shall reside in the county in which I resided at the time I committed the offense for which I was sentenced to the Institutional Division or the county of the offense for which I was sentenced to the Institutional Division if I was not a resident of the State of Texas.
I shall demonstrate an educational skill level that is equal to or greater than the average skill level of students who have completed the sixth grade in a public school in the State of Texas.
I shall submit to testing for alcohol or controlled substances.
I shall not communicate directly or indirectly with the victim; go to or near the residence, place of employment, or business of the victim; or go to or near a school, day-care facility, or similar facility where a dependent child of the victim is in attendance.
I shall not intentionally or knowingly communicate directly or indirectly with, nor intentionally or knowingly go near a residence, school, place of employment, or business of the victim of the offense for which I was sentenced to the Institutional Division.
I shall reimburse the State of Texas for the costs of any Post-Secondary Educational Programs in which I participated in TDCJ.
Upon written instruction from my supervising officer:
I shall participate in a drug or alcohol continuum of care treatment program.
I shall register as a sex offender under Chapter 62, Code of Criminal Procedure.
I shall not go in, on or within a distance specified by a parole panel of premises where children commonly gather, nor shall I supervise or participate in any Program that includes as participants or recipients, persons who are 17 years of age or younger, and I shall attend psychological counseling as specified by my supervising officer.
I shall perform not less than 300 hours of community service at a service project designated by a parole panel.

## SPECIAL CONDITIONS
M    - I shall register as a sex offender under Chapter 62, Code of Criminal Procedure and submit a blood sample or other specimen to the Department of Public Safety for the purpose of creating a DNA record.
0:06 - I shall not go in, on, or within the below specified distance specified by the panel, of premises where children commonly gather, nor shall I supervise or participate in any program that includes as participants or recipients, persons who are 17 years of age or younger, and I shall attend psychological counseling sessions for a period of time determined necessary by the panel.
0.08 - I shall avoid association with persons of criminal background.
0.08 - No affiliation with any gang or no participation in any gang activity.
0.09 - No contact or attempted contact with any other gang or gang member.  Should there be any inadvertent contact with said individual/gang or any other gang member(s), I shall immediately leave and not threaten, assault or verbally abuse them.
0.09 - No gang-affiliated confrontation, communications, gestures, clothing, and exhibition of colors.
0.09 - No possession of contraband in home, vehicle or on my person, including, but not limited to: Prohibited or illegal weapons or controlled substances or illegal drugs.
0.34 - I shall participate in County Jail Work Program.

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THE 13TH DAY OF NOVEMBER, 2003.

*Rissie Owens*

RISSIE OWENS
BOARD OF PARDONS AND PAROLES

If mandatory supervision is satisfactorily completed, maximum expiration date will be: 10/29/2016



000001

TDCJ-PD

## Certificate of Mandatory Supervision

TDCJ #
00332350

SID #
02286353

Name
MEZA, RAUL

0.99 - NET DATE RELEASEE SHALL NOT LEAVE TRAVIS COUNTY CORRECTIONAL COMPLEX W/OUT APPROVAL OF THE SUPERVISING PAROLE OFFICER NOR SHALL THE RELEASEE LEAVE THE FACILITY UNLESS SUCH DEPARTURE IS UNDER THE SUPERVISION OF THE TDCJ PAROLE DIVISION

SISP - I shall comply with Super Intensive Supervision Program conditions.

SISP - Submit to electronic monitoring.

SISP - Comply with a daily activity schedule.

SISP - Not travel within or beyond county of residence without approval of supervising parole officer.

SISP - Reside in a community residential facility (halfway house) designed by TDCJ-Parole Division and shall comply with all facility rules and regulations in effect during my period of residence at the facility.

SISP - Attend adult basic education program.

SISP - Attend District (Day) Resource Center (DRC) programming.

SISP - Actively seek employment.

SISP - Not unlawfully use drugs, narcotics, or controlled substances.

SISP - Not use intoxicating inhalants.

SISP - Not consume alcoholic beverages.

SISP - Not enter an establishment where the primary function is the sale and dispensing of alcoholic beverages for on-premises consumption.

SISP - Submit to alcohol use testing.

SISP - Submit to urinalysis testing.

SISP - Obey all driving restrictions.

SISP - Attend substance abuse counseling sessions.

SISP - Participate in substance abuse (alcohol/ narcotics) treatment program.

SISP - Not go in, on or within 500 feet of premises where children commonly gather.

SISP - Not supervise or participate in any program that includes participant or recipient persons who are seventeen (17) year of age or younger.

SISP - Not operate, cause to operate, secure employment in, participate in, or attend, go in, on or within 500 feet of any sexually oriented business.

SISP - I shall not reside with, contact or cause to be contacted, any person seventeen (17) years of age or younger without approval of supervising officer. I shall not become involved in dating, marriage, or platonic relationship with any person seventeen (17) years of age or younger without approval of supervising officer. I shall not have unsupervised contact with persons seventeen (17) years of age or younger. The supervisor of the contact shall be approved by supervising officer.

SISP - Not possess, purchase, or subscribe to any literature, magazines, books, or videotapes that depict sexually explicit images.

SISP - Not communicate with a person for sexually explicit purposes through telecommunications or any other electronic means, including 1-900 services.

SISP - Not subscribe to, operate, use, or communicate on or by computer or otherwise Internet services, fax services, or electronic bulletin boards.

SISP - Not own, maintain, or operate computer equipment.

SISP - Not own, maintain , or operate photographic equipment.

SISP - Participate in sex offender registration program.

SISP - Submit to psychological evaluation.

SISP - Participate in treatment program for sex offenders. DR SHELLY GRAHAM

SISP - Participate in anger management or counseling programs.

SISP - Not contact or cause to be contacted, in person, by telephone, correspondence, video or audio device, third person, media or by any electronic means, the victim or guardian of the victim of instant offense.

SISP - Inform any prospective employer of supervision status.

Y2 - I shall not intentionally or knowingly communicate directly or indirectly with, nor intentionally or knowingly go near the residence, school, place of employment, or business of the victim of the offense for which I was sentenced to the Institutional Division.

X - I shall participate in the Sex Offender Program, to include: 1. I shall enroll in and participate in a treatment program for sex offenders as directed by the supervising parole officer. 2. I shall not operate, cause to operate, secure employment in, participate in, attend, nor go in, or on any sexually-oriented business, including adult bookstores, massage parlors, adult video stores, or any business that provides adult entertainment, such as nude or partially-nude services, dancing, or exhibition. 3. I shall not contact or cause to be contacted, in person, by telephone, correspondence, video or audio devices, third person, media, or by any electronic means, the victim or guardian of the victim of the instant offense. 4. I shall not participate in any volunteer activities or service is volunteer any services without prior approval of my supervising officer. In the event any such volunteer activity or service is approved, I must notify the prospective recipient agency/person regarding my criminal history. 5. I shall not possess, purchase or subscribe to, or cause to be purchased or subscribed to, any literature, magazine, books, or video tapes which depict sexually explicit images, nor communicate or cause to communicate with a person for sexually explicit purposes through telecommunications or any other electronic means, including 1-900 services. 6. I shall abide by additional sex offender condition components to the extent directed in writing by the supervising parole officer.

X - Not participate in any program that includes as participants who are 17 years of age or younger. The supervising parole officer shall approve the supervisor of the contact.

X - Not have any unsupervised contact with children under 17 years of age.

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THE 13TH DAY OF NOVEMBER, 2003.

RISSIE OWENS
BOARD OF PARDONS AND PAROLES

If mandatory supervision is satisfactorily completed, maximum expiration date will be: 10/29/2016

Page 2

TDCJ-PD

## Certificate of Parole
### General conditions of parole release

|  | TDCJ # | SID # |
|---|---|---|
| Name MEZA, RAUL | 00332350 | 02286353 |

In consideration of the Parole granted me by the Board, I do hereby accept such Parole. I recognize that my release is conditional based upon my performance of the following terms and conditions:

1. I shall upon release from the institution, report immediately, as instructed to my Parole Officer; thereafter, report as directed and follow all instructions from my Parole Officer.
2. I shall commit no offense against the laws of this State or of the United States.
3. I shall reside in a specified place as approved by my supervising officer.
4. I shall not travel outside the State of Texas without the approval of my supervising officer.
5. I shall not unlawfully own, possess, use, sell, nor have under my control any weapon or illegal weapon.
6. I shall avoid persons or places of disreputable or harmful character.
7. I shall not enter into any agreement to act as "Informer" or special agent for any law enforcement agency without specific written approval of the Parole Division Director or designee.
8. I shall abide by all Special Conditions imposed upon me by the Board.
9. General Provisions:
    - A. I hereby agree to abide by all rules of Parole including, but not limited to, the requirement that I appear at any hearings or proceedings concerning alleged violations of Parole as required by law of the jurisdiction in which I may be found in the State of Texas. I further agree and consent that the receiving state, if I am under the Interstate Compact Supervision, or any state wherein I may be found while on Parole or under Parole jurisdiction, may conduct such hearings as deemed necessary, proper or which may be required by law.
    - B. In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Interstate Compact for the supervision of Parolees pursuant to Article 42.11 Texas Code of Criminal Procedure and if for any reason I may be outside of the State of Texas, I hereby agree to waive extradition to the State of Texas free from any jurisdiction in or outside the United States where I may be found. I further agree that I will not in any manner contest any effort by the State of Texas, or any state of jurisdiction, to return me to the State of Texas.
    - C. I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my Parole Officer with documentation verifying payment of said amounts. I shall pay a supervision fee for each month that I am required to report to a Parole Officer as instructed by my Parole Officer.
    - D. In the event I am placed in or allowed to reside in a halfway house or community residential facility, I hereby agree to go directly to and reside in the facility designated by the Parole Division until released by the Division. I shall abide by the rules of the facility and attend all required meetings. I shall not leave the physical confines of the facility and the property thereof, except for traveling to and from work, or as authorized by facility rules. During my stay, I shall pay 25% of my gross income to the facility if required. I shall leave all keys to any motor vehicle that I have use of with facility staff when the motor vehicle is not in use.
    - E. As required by the Board, I shall obtain and keep in my possession a Texas Department of Public Safety (DPS) Personal Identification Card or Driver's License. I shall present said identification to law enforcement or Texas Department of Criminal Justice officials upon request.
    - F. If I am released to a detainer and deported outside the international borders of the United States prior to the maximum expiration date shown on this Release Certificate, I shall not enter the United States. In the event that I gain lawful entry into the United States, I shall report immediately, as instructed to the office shown on this Release Certificate. If at any time prior to the maximum expiration date shown on this Release Certificate said detaining agency fails to exercise custody, I shall immediately upon release (within 24 hours) report as instructed to the office shown on this Release Certificate.

I HEREBY CERTIFY that I fully understand and agree to be bound by each of the conditions under which I am being released. I further understand and agree that a violation or refusal to comply with any of the conditions of supervision may be sufficient cause for revocation of supervision. I understand that when a warrant or a summons is issued that the sentence time credit shall be suspended until a determination is made in such case and such suspended time credit may be reinstated should supervision be continued. I UNDERSTAND AND AGREE THAT WHILE UNDER SUPERVISION I REMAIN IN THE LEGAL CUSTODY OF THE PAROLE DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE SUBJECT TO THE ORDERS OF THE BOARD AND PAROLE DIVISION.

AGREED AND SIGNED

X _Refused to Sign_

_____
RAUL MEZA

Date: NOV 1 4 2003

I hereby certify that these rules, regulations and conditions have been explained to the releasee and he/she has agreed to abide by the same upon release.

_____
Parole Division Representative

Date: NOV 1 4 2003

000003

Page 2
Last Page

TDCJ–PD



# State of Texas

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### PARDONS AND PAROLE DIVISION

### Certificate of Mandatory Supervision

|  | TDCJ #<br>00332350 | SID #<br>02286353 |
|---|---|---|

Name
MEZA, RAUL

) · Not reside with, contact or cause to be contacted any person 17 years of age or younger, in person, by telephone, correspondence, video, or audio device, third person, media, or any electronic means, unless approved in writing by my supervising parole officer.

X · Not leave the following listed county without written permission from my supervising parole officer. TRAVIS COUNTY

) · Not become involved in dating, marriage, or platonic relationship with any person who has children 17 years of age or younger unless approved in writing by my supervising parole officer.

) · Be electronically monitored as directed by the supervising parole officer.

X · Not enroll in, attend, or enter an institution of higher learning, to include community college, junior college, university, public or private, or any facilities, off-site or otherwise, without board panel approval and notification to the victim or guardian of the victim of the instant offense.

X · Not own, maintain, or operate computer equipment without a declared purpose and the authorization by my supervising parole officer.

X · Not own, maintain or operate photographic equipment, to include instamatic, still photo, video, or any electronic imaging equipment unless approved in writing by my supervising parole officer.

X · Notify any prospective employer regarding the releasee's criminal history if directed in writing by the supervising parole officer.

X · Be evaluated to determine need for sex offender counseling.

S.I.S.P.

000004

M-Card

# PRE-RELEASE NOTIFICATION FORM
## TEXAS SEX OFFENDER REGISTRATION PROGRAM
### ARTICLE 62.03, Code of Criminal Procedure
*Release or Discharge from a Penal Institution or Release to Community Supervision, Parol or Mandatory Supervision*

### (THIS IS NOT THE REGISTRATION FORM)

| | LAST | FIRST | MIDDLE |
|---|---|---|---|
| FULL NAME | MEZA | RAUL | |

| DATE OF BIRTH | Sex | Race | Height | Weight | Eyes | Hair | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|---|---|
| 10/14/1960 | M | W | 509 | 205 | BRO | BLK | 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 |

| DL NUMBER | ID NUMBER | SID NUMBER | FBI NUMBER | TDCI-ID NUMBER |
|---|---|---|---|---|
| | | 02286353 | 0896389W8 | 332350 |

| REGISTERING OFFENSE (PENAL CODE)* | DISPOSITION DATE | SENTENCE RECEIVED | VICTIM(S) SEX / AGE |
|---|---|---|---|
| 019.020 | 02/24/1982 | 30 YRS | F-9 YRS |

DISCHARGE DATE: 10/29/2016

Court Cause#: 65241

*IF COURT ORDERED OR BOARD IMPOSED CONDITION TO REGISTER, MUST CHECK BOX [x]

DUTY TO REGISTER EXPIRES: [ ] Lifetime  [ ] 10 Years After Discharge  [x] At Discharge

VERIFICATION REQUIREMENT: [x] Annual (on birthdate)  [ ] Every 90 Days  [ ] Every 30 Days

ASSIGNED RISK LEVEL: H

ADDRESS WHERE PERSON NOTIFIED EXPECTS TO RESIDE UPON DISCHARGE, PAROLE, OR RELEASE (Full street address, city, zip code)

DEL VALLE CORRECTIONAL CENTER 3614 BILL PRICE RD.    DEL VALLE    TX    78617

**NOV 2 0 2003**

You are covered by this law and required as of this date, ~~...~~ to register with the law enforcement authority (chief of police or sheriff) in the city or county where you live or intend to live for more than seven days. You are hereby required to verify and complete your registration at:

Law Enforcement Agency Name and/or Unit: TRAVIS CO SHERIFF'S DEPT

Agency Address/City/State/Zip:

I have been notified of my duty to register as a sex offender in Texas pursuant to Chapter 62, Code of Criminal Procedure. I understand that:

- My responsibility to register as a sex offender is for the period of time as indicated above.

- I must verify and complete registration within 7 days of the date indicated in this notice with the law enforcement agency identified above.

- If under supervision, not later than 7 days prior to any change of address, I must notify my supervising officer and the last registering law enforcement agency of my new address and within 7 days of establishing my new address, I must appear in person with the law enforcement agency having jurisdiction over my address and verify my new address. If not under supervision, not later than 7 days prior to any address change, I must notify the last registering agency of my intended move and within 7 days of establishing my new address, I must appear in person with the law enforcement agency having jurisdiction of my new address and verify my new address.

- If, on 3 or more occasions during any month, I spend more than 48 consecutive hours in a city or county that is not my residence, I shall report that fact to the appropriate law enforcement authority in the city or county that I am visiting.

- I must continue to verify my registration information with the appropriate law enforcement agency in the time fram indicated above.

- I am required to pay for any costs incurred by a law enforcement agency for providing community notification as required under Chapter 62, C.C.P.

- I must obtain and maintain a yearly renewable Texas drivers license or personal identification card issued by the Texas Department of Public Safety for the duration of the period I am required to register as a sex offender under Chapter 62, CCP.

- Within 10 days of moving out of Texas, I am required to register in any state in which I am located or residing and register with the appropriate law enforcement agency having jurisdiction over my residence location.

- My failure to abide by the requirements of Chapter 62, C.C.P. is a felony offense. If I am under any community supervision, any failure to comply with the requirements of Chapter 62, C.C.P. may result in the revocation of community supervision.

*Refused to sign*

SIGNATURE OF PERSON NOTIFIED    DATE: 11/14/2003

*I certify that I notified the individual described above of the duty to register as required under Chapter 62, C.C.P.*

PRINTED NAME AND SIGNATURE OF NOTIFYING OFFICE    DATE OF NOTIFICATION: 11/14/2003

TDCJ-OD    AGENCY TELEPHONE NUMBER: (936)437-6568

NAME OF NOTIFYING AGENCY

R T H U M B

**FAX COMPLETED FORM TO DPS - SEX OFFENDER COMPLIANCE UNIT - 512/424-5434**
**MAIL ORIGINAL TO : TXDPS-CRS, POB 4143, AUSTIN, TX 78765-4143**

000005

M-cond.

## SEX OFFENDER REGISTRATION

**LENGTH OF DUTY** (CIRCLE ONE)

REGISTRATION DATE: 11 14 2003

SID: 

TRR: 022 86 353

POST 10 YEAR — LIFETIME (At Discharge)

RISK LEVEL (CIRCLE ONE): (HIGH) MODERATE LOW

SENTENCED AS: ☑ ADULT   ☐ JUVENILE/NON-PUBLIC   ☑ JUVENILE ATTACH COURT DOCUMENTS

VERIFICATION REQUIRED: ☐ 30 DAY   ☐ 90 DAY   ☐ ANNUALLY

### REGISTRANT INFORMATION

NAME (LAST, FIRST, MIDDLE): MEZA, RAUL

DATE OF BIRTH: 1014 1960

PLACE OF BIRTH: TX

REGISTERING AGENCY ORI/NAME: TDCJ OD

REGISTERING AGENCY PHONE #: 936 437 6568

SEX: M   RACE: W   ETH:   HGT: 509   WGT: 205   EYES: BRN   HAIR: BLK   SHOE SIZE/WIDTH:   SCARS, MARKS, TATTOOS, AMPUTATIONS:

REGISTRANT'S PHYSICAL ADDRESS: Del Valle Corr. Complex  3614 Bill Price Rd   ☐ URBAN   ☐ RURAL

CITY: Delvalle   STATE: TX   ZIP: 78611   HOME TELEPHONE #: 512 473 4181

ALIAS NAME(S): # 332350

DRIVER'S LICENSE NUMBER:   STATE:   TYPE:   ID NUMBER:   STATE:

SOCIAL SECURITY NUMBER: 462 23 9186

OCCUPATIONAL LICENSE NUMBER:   OCCUPATIONAL LICENSING AUTHORITY:

OCCUPATION:

NAME OF EMPLOYER:   CITY/TOWN:

BLOOD TYPE (CIRCLE ONE): A+  A−  B+  B−  AB+  AB−  O+  O−  UNK

LICENSE PLATE NUMBER/STATE:   VEHICLE MAKE/MODEL/YEAR/COLOR:

000006

### OFFENSE INFORMATION

NAME OF REGISTRANT'S NEAREST RELATIVE: (Mo) Castro, Elvira   ADDRESS: 5725 Alsace Trail   CITY: Austin   STATE: TX   ZIP:

LIST REGISTERING OFFENSE (8 DIGIT CODE): 0000 0000

ATTEMPT CONSPIRACY SOLICIT:   GOC:   VICTIM(S)—SEX/AGE: F-9

RELATIONSHIP TO VICTIM(S): ☐ RELATIVE  ☐ FRIEND  ☑ STRANGER

WEAPON USED: ☐ YES  ☑ NO   TYPE:

COURT CAUSE NO.: 65941   DISPOSITION DATE: 02 24 1982   DISCHARGE DATE: 10 29 2016   AMT. OF CONFINEMENT: 30   AMT. OF PROBATION:

STATUS: ☑ PAR  ☐ CSCD  ☐ JPO  ☐ DISCHARGED  ☐ APPEAL

COUNTY WHERE OFFENSE OCCURRED: Travis

LIST REGISTERING OFFENSE (8 DIGIT CODE):

ATTEMPT CONSPIRACY SOLICIT:   GOC:   VICTIM(S)—SEX/AGE:

RELATIONSHIP TO VICTIM(S): ☐ RELATIVE  ☐ FRIEND  ☐ STRANGER

WEAPON USED: ☐ YES  ☐ NO   TYPE:

COURT CAUSE NO.:   DISPOSITION DATE:   DISCHARGE DATE:   AMT. OF CONFINEMENT:   AMT. OF PROBATION:

STATUS: ☐ PAR  ☐ CSCD  ☐ JPO  ☐ DISCHARGED  ☐ APPEAL

COUNTY WHERE OFFENSE OCCURRED:

LIST REGISTERING OFFENSE (8 DIGIT CODE):

ATTEMPT CONSPIRACY SOLICIT:   GOC:   VICTIM(S)—SEX/AGE:

RELATIONSHIP TO VICTIM(S): ☐ RELATIVE  ☐ FRIEND  ☐ STRANGER

WEAPON USED: ☐ YES  ☐ NO   TYPE:

COURT CAUSE NO.:   DISPOSITION DATE:   DISCHARGE DATE:   AMT. OF CONFINEMENT:   AMT. OF PROBATION:

STATUS: ☐ PAR  ☐ CSCD  ☐ JPO  ☐ DISCHARGED  ☐ APPEAL

COUNTY WHERE OFFENSE OCCURRED:

OUT OF STATE CONVICTION: ☐ YES  ☐ NO

STATE OF CONVICTION:

MILITARY CONVICTION: ☐ YES  ☐ NO

FEDERAL CONVICTION: ☐ YES  ☐ NO

THOROUGHLY REVIEW THE INFORMATION PROVIDED PRIOR TO SIGNING THIS FORM. TEXAS CRIMINAL LAW 37.10 PC DEFINES THE MAKING OF FALSE ENTRIES IN A GOVERNMENTAL RECORD AS A CLASS A MISDEMEANOR OR AS A THIRD DEGREE FELONY. ANYONE WHO GIVES FALSE INFORMATION ON THIS FORM COULD BE SUBJECT TO PROSECUTION.

I HAVE BEEN NOTIFIED AND UNDERSTAND THE REQUIREMENTS OF MY DUTY TO REGISTER AS A SEX OFFENDER IN TEXAS PURSUANT TO THE PROVISIONS SET FORTH IN CHAPTER 62, CCP (INCLUDING ARTICLE 62.04 CCP). FAILURE TO ABIDE BY THESE REQUIREMENTS COULD SUBJECT ME TO CRIMINAL PROSECUTION PURSUANT TO CCP, ARTICLE 62.10.

PROBATION/PAROLE OFFICER (PLEASE PRINT):   TELEPHONE NUMBER: (   )

REGISTRANT'S SIGNATURE ACKNOWLEDGING NOTIFICATION: Refused to sign   Dana Wilson   P. McBirnie

PREPARED BY: (PLEASE PRINT): G.W. Woods   TELEPHONE NUMBER: 936 437 6568

D.L. McDevin

CR-35 (Rev. 8/01)

### REGISTRATION

MAIL TOP SHEET (ORIGINAL) TO: CRIME RECORDS SERVICE, TEXAS DEPARTMENT OF PUBLIC SAFETY, PO BOX 4143, AUSTIN TX 78765-4143
FORWARD SECOND SHEET (YELLOW) TO: VERIFICATION AGENCY

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
PAROLE DIVISION
TERMS AND CONDITIONS OF
GLOBAL POSITIONING SYSTEM (GPS) MONITORING

TDCJ/SID #: 332350 / 02286353

Name: MEZA, RAUL

Address/telephone #: DEL VALLE CORR COM, 3614 BILL PRICE RD, DEL VALLE, TX  78617  (512)473-4181

1. I understand that I will be monitored by a tamper proof, non-removable ankle bracelet (transmitter) and a portable tracking device (PTD). I will be required to wear the transmitter and carry the PTD with me 24 hours a day, 7 days a week. I understand that my location will be monitored by said GPS devices.

2. I understand that I will place the PTD in an area that is unobstructed and with the display facing up at all times. The PTD cannot be covered by metal containers, lockers, trunks, etc. or hidden under clothing, car seats, purses, briefcases, tote bags, etc. Any carrying case must be pre-approved by my supervising parole officer.

3. I understand that a PTD charging stand will be placed in my residence, home plan, or residential facility by an official of TDCJ. Officials must be allowed to enter my residence to install, maintain, and inspect the PTD charging stand.

4. I understand that I will immediately place my PTD in the charging stand upon arrival at my residence. I understand that I will leave the PTD in the charging stand until my next scheduled departure as documented on my daily schedule.

5. I understand that any attempts on my part to prevent the GPS monitoring equipment from reporting my status to the monitoring computer will constitute a violation.

6. The loss of status or receipt of a tamper signal from the monitoring devices shall constitute a violation subject to investigation. I further understand that the computer printout or surveillance log may be used as evidence in a court of law or administrative hearing to prove said violation(s).

7. I understand that theft or destruction of the GPS equipment (i.e., bracelet, PTD, charging stand) may result in prosecution.

8. I understand that I must comply with my daily schedule as directed and documented by my parole officer twenty-four (24) hours per day, seven (7) days per week and that my daily schedule will be monitored by phone calls and personal visits by a representative of the Parole Division. Such visits may be random and at any time.

9. I understand that I must remain at my residence at all times unless given prior written approval by my supervising parole officer to participate in activity reflected on my daily schedule. Home plan residence is defined as the dwelling I live in and does not include the porch, yard, garage, or any other area beyond the front or back door of the residence. Residential facility residence is defined as the facility I live in and is limited to the confines of the facility.

10. I understand that I must remain on home confinement twenty-four (24) hours per day, 7 days per week, unless given written approval by the Regional Director and my supervising officer to leave the residence. Home confinement is a period of time in which I am not authorized to leave my residence.

11. I understand that, should I fail to arrive at my designated location within the prescribed time or leave my designated location at an invalid time, such action shall be deemed a violation of the terms of my release.

12. I understand that I will not enter areas that are defined as exclusion zones as documented on my GPS Multipurpose Form.

13. I understand that I will immediately respond to all messages that are sent to me via my PTD.

14. I understand that in the event my PTD sends me a message to go outside, I will proceed to the nearest exit of the building and go outside, but no more than 20 feet from the exit. I understand that if I am travelling in a vehicle or by mass transit, I will either unblock the PTD or exit the vehicle or bus to acquire GPS.

I hereby certify that these terms and conditions have been read and explained to me and that I fully understand these terms and conditions. I understand and agree to abide by the above conditions and I further understand that even if I refuse to sign this form, these rules are still in effect.

| | | |
|---|---|---|
| MEZA, RAUL | X *Refused to sign* DWest   Signature | 11/14/2003 |
| DEBBIE WATSON   Parole Officer's Printed Name | X D Watson   Signature | 11/14/2003 |

Distribution:    Original – Offender's District Office file
                Copy   – Provided to offender
                Copy   – Board file

SP 9921 (REV.5/14/01)

000007

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## PAROLE DIVISION

### SISP – GPS MONITORING INSTRUCTION SHEET

Offender's Name: MEZA, RAUL

TDCJ/SID #: 332350 / 02286353

IPO/DPO: DEBRA WATSON

TDCJ Unit/Parole Office: HUNTSVILLE

PTD #: 16910146

Bracelet #: 16818

Date/Time Bracelet Attached: 11/14/2003 / _8:15 AM_

Date/Time Portable Tracking Device (PTD) Received: 11/14/2003 / _____

As part of your special condition SISP (Super-Intensive Supervision Program), the following rules apply:

I.   **IF YOU ARE BEING RELEASED TO A PRIVATE RESIDENCE:** You have been given a portable tracking device (PTD), a bracelet has been strapped on your ankle, and a PTD charger has been installed in your residence. These monitoring devices will monitor your activity and report violations to your parole officer.

II.  **IF YOU ARE BEING RELEASED TO A COMMUNITY RESIDENTIAL FACILITY:** You have been given a Portable Tracking Device (PTD), a bracelet has been strapped on your ankle, and a PTD charger has been installed at your designated facility. These monitoring devices will monitor your activity and report violations to your parole officer.

1.  Travel to and report directly, immediately, and without delay to the designated facility or home plan. Your parole officer and/or the facility have been notified of your release time and will be monitoring your arrival time.

2.  At all times while traveling, place the PTD in your lap or in the seat next to you.

3.  The PTD must remain with you twenty-four hours a day.

4.  DO NOT tamper in any way with the bracelet strapped to your ankle or with the PTD that you carry.

5.  Immediately upon arrival at your residence or designated facility, place the PTD in the PTD charging stand.

6.  DO NOT unplug or relocate the PTD charging stand that has been placed in your residence or your designated facility.

7.  DO NOT leave the residence or facility for any reason prior to having your initial appointment with your parole officer.

**I fully understand that violations will be reported to my parole officer and my result in issuance of a warrant and/or revocation of my release.**

X _Refused to sign_ _DW_        11/14/2003
Offender's Signature                   Date

_D Watson_                       11/14/2003
Officer's Signature                    Date

Distribution:   Original – District office file (Please attach to copy of release certificate.)
Copy – Offender

SP-9922 (Rev. 5/14/01)

000008



# State of Texas

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### PARDONS AND PAROLE DIVISION

### Certificate of Mandatory Supervision

Date of issuance: 02/24/2003

TDCJ #
00332350

SID #
02286353

**Name**
MEZA,RAUL

**Legal county of residence**
TRAVIS

**Approved county of release**
TRAVIS

**Cause#:** 65,241

The Texas Department of Criminal Justice Institutional Division (TDCJ-ID) of the State of Texas has determined that said offender is eligible for Mandatory Supervision under the provisions of Chapter 508, Texas Gov't. Code. THEREFORE, the Texas Board of Pardons and Paroles (Board) hereby orders that said offender be released under Mandatory Supervision and shall immediately report to the office indicated below for supervision:

AUSTIN DPO 1
2101 EAST BEN WHITE
AUSTIN, TX  78741
(512)442-8367

**Go directly to your approved residential plan.  Report to your Parole Officer by 9 A.M. the first working day after release date. Failure to do so will cancel further gate money and result in the issuance of arrest warrant.**

and shall be permitted to be at liberty in the legal custody of the State of Texas but subject to the orders of the Board and the Texas Department of Criminal Justice Parole Division, and under the rules and conditions of Mandatory Supervision herein. The period of Mandatory Supervision shall be for a period equivalent to the maximum term for which the offender was sentenced less calendar time actually served on the sentence. The time to be served under Mandatory Supervision is also calculated as calendar time. The certificate shall become effective when eligibility requirements for Mandatory Supervision under Chapter 508, Texas Gov't. Code have been met or when Mandatory Supervision is ordered by the Board of Pardons and Paroles.

### STATUTORILY MANDATED CONDITIONS

Unless otherwise provided, I shall reside in the county in which I resided at the time I committed the offense for which I was sentenced to the Institutional Division or the county of the offense for which I was sentenced to the Institutional Division if I was not a resident of the State of Texas.
I shall demonstrate an educational skill level that is equal to or greater than the average skill level of students who have completed the sixth grade in a public school in the State of Texas.
I shall submit to testing for alcohol or controlled substances.
I shall not communicate directly or indirectly with the victim; go to or near the residence, place of employment, or business of the victim; or go to or near a school, day-care facility, or similar facility where a dependent child of the victim is in attendance.
I shall not intentionally or knowingly communicate directly or indirectly with, nor intentionally or knowingly go near a residence, school, place of employment, or business of the victim of the offense for which I was sentenced to the Institutional Division.
I shall reimburse the State of Texas for the costs of any Post-Secondary Educational Programs in which I participated in TDCJ.
Upon written instruction from my supervising officer:
I shall participate in a drug or alcohol continuum of care treatment program.
I shall register as a sex offender under Chapter 62, Code of Criminal Procedure
I shall not go in, on or within a distance specified by a parole panel of premises where children commonly gather, nor shall I supervise or participate in any Program that includes as participants or recipients, persons who are 17 years of age or younger, and I shall attend psychological counseling as specified by my supervising officer.
I shall perform not less than 300 hours of community service at a service project designated by a parole panel.

### SPECIAL CONDITIONS
M  - I shall register as a sex offender under Chapter 62, Code of Criminal Procedure and submit a blood sample or other specimen to the Department of Public Safety for the purpose of creating a DNA record.
0.34 - I shall participate in County Jail Work Program.
0.6  - I shall not go in, on, or within the below specified distance specified by the panel, of premises where children commonly gather, nor younger, and I shall supervise or participate in any program that includes as participants or recipients, persons who are 17 years of age or younger, and I shall attend psychological counseling sessions for a period of time determined necessary by the panel.
0.8  - I shall avoid association with persons of criminal background.
0.8  - No affiliation with any gang or no participation in any gang activity.
0.8  - No contact or attempted contact with any other gang or gang member. Should there be any inadvertent contact with said individual/gang or any other gang member(s), I shall immediately leave and not threaten, assault or verbally abuse them. BARRIO AZTECA
0.8  - No gang affiliated confrontation, communications, gestures, clothing, and exhibition of colors.
0.8  - No possession of contraband in home, vehicle or on my person, including, but not limited to:  prohibited or illegal weapons and controlled substances or illegal drugs.

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THE 24TH DAY OF FEBRUARY, 2003.

GERALD GARRETT
BOARD OF PARDONS AND PAROLES

If mandatory supervision is satisfactorily completed, maximum expiration date will be: 10/29/2016

Page 1

Certificate of Mandatory Supervision

TDCJ #                          SID #
00332350                        02286353

Name
MEZA,RAUL

SISP - I shall comply with Super Intensive Supervision Program conditions.
SISP - Submit to electronic monitoring.
SISP - Comply with a daily activity schedule.
SISP - Not travel within or beyond county of residence without approval of supervising parole officer.
SISP - Reside in a community residential facility (halfway house) designed by TDCJ-Parole Division and shall comply with all facility rules
       and regulations in effect during any period of residence at the facility.
SISP - Attend adult basic education program.
SISP - Attend Day Resource Center (DRC) programming.
SISP - Actively seek employment.
SISP - Not unlawfully use drugs, narcotics, or controlled substances.
SISP - Not use intoxicating inhalants.
SISP - Not consume alcoholic beverages.
SISP - Not enter an establishment where the primary function is the sale and dispensing of alcoholic beverages for on-premises consumption.
SISP - Submit to alcohol use testing.
SISP - Submit to urinalysis testing.
SISP - Obey all driving restrictions.
SISP - Attend substance abuse counseling sessions.
SISP - Participate in substance abuse (alcohol/ narcotics) treatment program.
SISP - Not go in, on or within 500 feet of premises where children commonly gather.
SISP - Not supervise or participate in any program that includes participant or recipient persons who are seventeen (17) year of age or
       younger.
SISP - Not operate, cause to operate, secure employment in, participate in, or attend, go in, on or within 500 feet of any sexually oriented
       business.
SISP - I shall not reside with, contact or cause to be contacted, any person seventeen (17) years of age or younger without approval of
       supervising officer.  I shall not become involved in dating, marriage, or platonic relationship with any person seventeen (17) years of
       age or younger or any person who has children seventeen (17) years of age or younger without approval of supervising officer.  I shall
       not have unsupervised contact with persons seventeen (17) years of age or younger.  The supervisor of the contact shall be approved by
       supervising officer.
SISP - Not possess, purchase, or subscribe to any literature, magazines, books, or videotapes that depict sexually explicit images.
SISP - Not communicate with a person for sexually explicit purposes through telecommunications or any other electronic means, including 1-900
       services.
SISP - Not subscribe to, operate, use, or communicate on or by computer or otherwise Internet services, fax services, or electronic bulletin
       boards.
SISP - Not own, maintain, or operate computer equipment.
SISP - Not own, maintain , or operate photographic equipment.
SISP - Participate in sex offender registration program.
SISP - Submit to psychological evaluation.
SISP - Participate in treatment program for sex offenders. DR SHELLY GRAHAM
SISP - Participate in anger management or counseling programs.
SISP - Not contact or cause to be contacted, in person, by telephone, correspondence, video or audio device, third person, media or by any
       electronic means, the victim or guardian of the victim of instant offense.
SISP - Inform any prospective employer of supervision status.
V2   - I shall not intentionally or knowingly communicate directly or indirectly with, nor intentionally or knowingly go near the below
       specified residence, school, place of employment, or business of the victim of the offense for which I was sentenced to the
       Institutional Division.
X    - I shall participate in the Sex Offender Program, to include: 1. I shall enroll in and participate in a treatment program for sex
       offenders as directed by the supervising parole officer.  2. I shall not operate, cause to operate, secure employment in, participate
       in, attend, nor go in, or on any sexually-oriented business, including adult bookstores, massage parlors, adult video stores, or any
       business that provides adult entertainment, such as nude or partially-nude services, dancing, or exhibition.  3. I shall not contact or
       cause to be  contacted, in person, by telephone, correspondence, video or audio devices, third person, media, or by any electronic
       means, the victim or guardian of the victim of the instant offense.  4. I shall not participate in any volunteer activities or service is
       volunteer any services without prior approval of my supervising officer.  In the event any such volunteer activity or service is
       approved, I must notify the prospective recipient agency/person regarding my criminal history.  5. I shall not possess, purchase or
       subscribe to, or cause to be purchased or subscribed to, any literature, magazine, books, or video tapes which depict sexually explicit
       images, nor communicate or cause to communicate with a person for sexually explicit purposes through telecommunications or any other
       electronic means, including 1-900 services.  6.  I shall abide by additional sex offender condition components to the extent directed
       in writing by the supervising parole officer.
X    - Not participate in any program that includes as participants who are 17 years of age or younger.  The supervising parole officer shall approve the supervisor of
       the contact.
X    - Not have any unsupervised contact with children under 17 years of age, in person, by telephone, correspondence,
X    - Not reside with, contact or cause to be contacted any person 17 years of age or younger, in person, by telephone, correspondence.

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THE 24TH DAY OF FEBRUARY, 2003.

GERALD GARRETT
BOARD OF PARDONS AND PAROLES

If mandatory supervision is satisfactorily completed, maximum
expiration date will be: 10/29/2016

000010



# State of Texas

### TEXAS DEPARTMENT OF CRIMINAL JUSTICE
#### PARDONS AND PAROLE DIVISION

## Certificate of Mandatory Supervision

| | TDCJ #<br>00332350 | SID #<br>02286353 |
|---|---|---|

Name
MEZA,RAUL

video, or audio device, third person, media, or any electronic means, unless approved by supervising parole officer.

X  - Not leave the following listed county without written permission from my supervising parole officer. TRAVIS COUNTY

X  - Not become involved in dating, marriage, or platonic relationship with any person who has children 17 years of age or younger unless approved by releasee's supervising parole officer.

   - Be electronically monitored as directed by the supervising parole officer.

X  - Not enroll in, attend, or enter an institution of higher learning, to include community college, junior college, university, public or private, or any of their facilities, off-site or otherwise, without board panel approval and notification to the victim or guardian of the victim of the instant offense.

X  - Not own, maintain, or operate computer equipment without a declared purpose and the authorization by my supervising parole officer.

X  - Not own, maintain or operate photographic equipment, to include instamatic, still photo, video, or any electronic imaging equipment unless approved by my supervising parole officer.

   - Notify any prospective employer regarding the releasee's criminal history if directed in writing by the supervising parole officer.

X  - Be evaluated to determine need for sex offender counseling.

X  - Enroll and participate in a treatment program for sex offenders as directed by the supervision parole officer.

X  - Not operate, cause to operate, secure employment in, participate in, attend, nor go in, or on any sexually-oriented business, including adult bookstores, massage parlors, adult video stores, or any business that provides adult entertainment, such as nude or partially-nude services, dancing or exhibition.

X  - Not contact or cause to be contacted, in person, by telephone, correspondence, video, or audio devices, third person, media, and/or by any electronic means the victim or guardian of the victim of the instant offense.

X  - Not participate in any volunteer activities or volunteer any services without prior approval of my supervising officer. In the event any such volunteer activity or service is approved, I must notify the prospective recipient agency/person regarding my criminal history

X  - Not possess, purchase or subscribe to, or cause to be purchased or subscribed to any literature, magazine, books, or video tapes which depict sexually explicit images, nor communicate, or cause to communicate with a person for sexually explicit purposes through telecommunication or any other electronic means, including L-900 services.



000011

## Certificate of Mandatory Supervision
### GENERAL CONDITIONS OF MANDATORY SUPERVISION RELEASE

| | TDCJ #<br>00332350 | SID #<br>02286353 |
|---|---|---|

**Name**
MEZA,RAUL

In consideration of the release to Mandatory Supervision granted by the State of Texas, I do hereby accept such Mandatory Supervision. I recognize that my release is conditional based upon my performance of the following terms and conditions:

1. I shall upon release from the institution, report immediately, as instructed to my Parole Officer; thereafter, report as directed and follow all instructions from my Parole Officer.
2. I shall commit no offense against the laws of this State or of any other State or of the United States.
3. I shall reside in a specified place as approved by my supervising officer.
4. I shall not travel outside the State of Texas without the approval of my supervising officer.
5. I shall not unlawfully own, possess, use, sell, nor have under my control any weapon or illegal weapon.
6. I shall avoid persons or places of disreputable or harmful character.
7. I shall not enter into any agreement to act as "Informer" or special agent for any law enforcement agency without specific written approval of the Parole Division Director or designee.
8. I shall abide by all Special Conditions imposed upon me by the Board.
9. General Provisions:
   A. I hereby agree to abide by all rules of Mandatory Supervision including, but not limited to, the requirement that I appear at any hearings or proceedings concerning alleged violations of Mandatory Supervision as required by law of the jurisdiction in which I may be found or the State of Texas. I further agree and consent that the receiving state, if I am under the Interstate Compact Supervision, or any state wherein I may be found while on Mandatory Supervision or under Mandatory Supervision jurisdiction, may conduct such hearings as deemed necessary, proper or which may be required by law.
   B. In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Interstate Compact for the supervision of Parolees pursuant to Article 42.11 Texas Code of Criminal Procedure and if for any reason I may be outside of the State of Texas, I hereby agree to waive extradition to the State of Texas from any jurisdiction in or outside the United States where I may be found. I further agree that I will not in any manner contest any effort by the State of Texas, or any state of jurisdiction, to return me to the State of Texas.
   C. I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my Parole Officer with documentation verifying payment of said amounts. I shall pay a supervision fee for each month that I am required to report to a Parole Officer as instructed by my Parole Officer.
   D. In the event I am placed in or allowed to reside in a halfway house or community residential facility, I hereby agree to go directly to and reside in the facility designated by the Parole Division until released by the Division. I shall abide by the rules of the facility and attend all required meetings. I shall not leave the physical confines of the facility and the property thereof, except for traveling to and from work, or as authorized by facility rules. During my stay, I shall pay 25% of my gross income to the facility if required. I shall leave all keys to any motor vehicle that I have use of with facility staff when the motor vehicle is not in use.
   E. As required by the Board, I shall obtain and keep in my possession a Texas Department of Public Safety (DPS) Personal Identification Card of Driver's License. I shall present said identification to law enforcement or Texas Department of Criminal Justice officials upon request.
   F. If I am released to a detainer and deported outside the international borders of the United States prior to the maximum expiration date shown on this Release Certificate, I shall not enter the United States unlawfully. In the event that I gain lawful entry into the United States, I shall report immediately, as instructed to the office shown on this Release Certificate. If at any time prior to the maximum expiration date shown on this Release Certificate said detaining agency fails to exercise custody, I shall immediately upon release (within 24 hours) report as instructed to the office shown on this Release Certificate.

I HEREBY CERTIFY that I fully understand and agree to be bound by each of the conditions under which I am being released. I further understand and agree that a violation or refusal to comply with any of the conditions of supervision may be sufficient cause for revocation of supervision. I understand that when a warrant or a summons is issued that the sentence time credit shall be suspended until a determination is made in such case and such suspended time credit may be reinstated should supervision be continued. I UNDERSTAND AND AGREE THAT WHILE UNDER SUPERVISION I REMAIN IN THE LEGAL CUSTODY OF THE STATE OF TEXAS SUBJECT TO THE ORDERS OF THE BOARD AND PAROLE DIVISION.

AGREED AND SIGNED

_Refuse to Sign_

_____          _____
MEZA,RAUL                                 Date

I hereby certify that these rules, regulations and conditions have been explained to the releasee and he/she has agreed to abide by the same upon release.

_____          _____
Parole Division Representative            Date   3.20.03

Page 4
Last Page

000012

# State of Texas



DPS NO:  02286353
VOP
GANG AFFILIATION: Y

## TEXAS DEPARTMENT of CRIMINAL JUSTICE
### PARDONS and PAROLES DIVISION

## Certificate of Mandatory Supervision

## KNOW ALL MEN BY THESE PRESENTS:

The Texas Department of Criminal Justice Pardons and Paroles Division of the State of Texas has been furnished information by the Texas Department of Criminal Justice Institutional Division that

**MEZA,RAUL** _____     00332350     SB
Name                                          TDCJ No.

now confined in the Texas Department of Criminal Justice Institutional Division is eligible for MANDATORY SUPERVISION under the provision of Art. 42.18 C.C.P. A satisfactory release plan has been submitted; THEREFORE, the Board of Pardons and Paroles hereby orders that the said inmate be released under Mandatory Supervision to the confines of the state and that he shall be deemed on mandatory supervision and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

**DEL VALLE CORRECTONAL COMPLEX**
**3614 BILL PRICE ROAD**
**DEL VALLE, TX  78617**
**(512)473-4181**

Go directly to your approved residential plan.  Report to your Parole Officer by 9 A.M. the first working day after release date.  Failure to do so will cancel further gate money & result in the issuance of arrest warrant.

and that he be permitted to be at liberty in the legal custody of the Texas Department of Criminal Justice Institutional Division but amenable to the orders of the Board of Pardons and Paroles and the Pardons and Paroles Division, and under the rules and conditions of mandatory supervision. The period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under mandatory supervision is also calculated as calendar time. This permit to be at liberty on mandatory supervision is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s). This certificate shall become effective when eligibility requirements for mandatory supervision under Art. 42.18 C.C.P. have been attained by said inmate or when mandatory supervision is ordered by the Board of Pardons and Paroles under Sections 8(c) or 8(d) of Art. 42.18 C.C.P. **BE FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS MANDATORY SUPERVISION, AND THAT ALL TIME SERVED ON MANDATORY SUPERVISION SHALL BE FORFEITED.**

### SPECIAL CONDITIONS

(1) M    (2) X    (3) V    (4) O
X -- see attachment
M -- SEX OFFENDER REGISTRATION PROGRAM



Legal County of Residence : TRAVIS
Approved County of Release: TRAVIS
Due To:

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES, AND UNDER THE SEAL, OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AT AUSTIN, TEXAS ON THIS THE _____24TH_____ DAY OF __SEPTEMBER__ , __2002__ .

BOARD OF PARDONS AND PAROLES

000013

If Mandatory Supervision is satisfactorily completed, Discharge Date will be ___10-29-16___

## RULES AND GENERAL CONDITIONS OF MANDATORY SUPERVISION
### TEXAS DEPARTMENT OF CRIMINAL JUST.
### PARDONS AND PAROLES DIVISION, ART. 42.18, C.C.P.

In consideration of the release granted to me by the Board of Pardons and Paroles (Board) I do hereby accept such mandatory supervision. I recognize that my mandatory supervision release is conditional and agree to abide by the following terms and conditions:

1. Upon release from the institution, report immediately, as instructed, to my Parole Officer; thereafter, report as directed and follow all instructions from my Parole Officer which are authorized by the Board and the Pardons and Paroles Division.
2. Obey all municipal, county, state and federal laws.
3. Obtain written permission of my Parole Officer prior to changing my place of residence.
4. Obtain written permission of my Parole Officer prior to leaving the State of Texas.
5. I shall not own, possess, use, sell, nor have under my control any firearm, prohibited weapon or illegal weapon as defined in the Texas Penal Code; nor shall I unlawfully carry any weapon nor use, attempt or threaten to use any tool, implement or object to cause or threaten to cause any bodily injury.
6. The releasee shall avoid association with persons of criminal background.
7. The releasee shall not enter into any agreement to act as 'informer' or special agent for any law enforcement agency without specific written approval of the Division Director.
8. Abide by any Special Condition(s) imposed by the Board and the Pardons and Paroles Division; any such Special Condition(s) imposed upon release will be indicated on the face of this certificate by the letter(s) corresponding to the conditions as listed below.
9. General Provisions
   a. I hereby agree to abide by all rules of Mandatory Supervision and all laws relating to the revocation of Mandatory Supervision including, but not limited to, appearance at any hearings or proceedings required by the law of the jurisdiction in which I may be found or of the State of Texas. I further agree and consent that the receiving state, if I am under Compact Supervision, or any state wherein I may be found while on Mandatory Supervision or under Mandatory Supervision jurisdiction, may conduct such hearings as deemed necessary, proper or which may be, required by law.
   b. I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my supervising officer with documentation verifying the payment by me of said amounts. I will be required to pay a supervision fee for each month I am required to report to a supervising officer as instructed by my supervising officer.
   c. In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Inter-State Compact for the Supervision of Parolees and Article 42.11 Texas Code of Criminal Procedure, and in consideration of being granted Mandatory Supervision by the Board of Pardons and Paroles, or for any reason I may be outside of the State of Texas, I hereby agree to and I hereby do waive extradition to the State of Texas from any jurisdiction in or outside the United States where I may be found; I do hereby further agree that I will not in any manner contest any effort by the State of Texas, or any state of jurisdiction, to return me to the State of Texas.

## SPECIAL CONDITIONS

C. Releasee shall not open a checking account.
D. Release to detainer or plan: (See attachment)
E. Releasee must attend basic education or vocational training as directed by supervising parole officer.
H. Halfway House Placement. (See attachment).
I. Releasee must notify any prospective employer regarding criminal history, if position of financial responsibility is involved.
L. Releasee shall be assigned to the highest level of supervision or supervision case load until appropriate level of supervision is further established by objective assessment instrument and supervision case classification.
M. Releasee shall comply with Sex Offender Registration Program.
O. Releasee shall comply with any other condition as specified herein. (See attachment)
P. Releasee shall participate in a Mental Health/Mental Retardation treatment or counseling program as directed by the supervising parole officer.
R. (Instate) Make restitution payments as required by supervising parole officer in a specified amount. (Out of State) By the 10th of each month, payments (cashier's check or money order) shall be paid to the Texas Department of Criminal Justice, Pardons and Paroles Division (P.O.Box 13401, Capitol Station, Austin, Texas 78711); in a specified amount.
S. Releasee shall submit to substance(alcohol/narcotics) treatment program, which may include urinalysis monitoring, attendance at scheduled counseling sessions, driving restrictions, or related requirements as directed by the supervising parole officer.
V. Releasee shall not contact victim(s).
Z. Releasee shall not enter the specified county without prior written approval.

I HEREBY CERTIFY that I fully understand and accept each of the above conditions under which I am being released and agree that I am bound to faithfully observe each of the same. I fully understand and agree that a violation of or refusal of or refusal to comply with any of the conditions of Mandatory Supervision shall be sufficient cause for revocation of Mandatory Supervision; and I further understand that when a warrant or a summons is issued charging a violation of Mandatory Supervision rule or special conditions the sentence time credit shall be suspended until a determination is made in such case and such suspended time credit may be reinstated should such Mandatory Supervision be continued, as provided by law (Article 42.18, Section 14, C.C.P.). I understand and agree that while I am under Mandatory Supervision I am in the legal custody of the Texas Department of Criminal Justice Institutional Division subject to orders of the Pardons and Paroles Division and that I will receive credit on my sentence day for day (without commutation time);I further understand and do agree that in the event of revocation of this release on Mandatory Supervision, time spent on Mandatory Supervision will not be credited to my sentence.

AGREED AND SIGNED
on this date: _SEP 2 5 2002_    Inmate's Signature

I hereby certify that these rules, regulations and conditions have been explained to the releasee and he has agreed to abide by the same upon his release.    WLN    SEP 2 5 2002

PARDONS AND PAROLES DIVISION REPRESENTATIVE

DATE

PSL - 32 (9/92)

000014

# ATTACHMENT – SPECIAL CONDITION – "O" – OTHER

NAME        : MEZA, RAUL

TDCJ-ID #  : 332350

SID #        : 02286353

GANG MEMBER SPECIAL CONDITIONS (BA); NO GANG
AFFILIATIONS; CHILD SAFETY ZONE; OFFENDER SHALL RESIDE
IN TRAVIS COUNTY JAIL WORK RELEASE PROGRAM FOR A
PERIOD OF UP TO 180 DAYS FOR THE PURPOSE OF TEMPORARY
HOUSING UNTIL EMPLOYMENT AND FINANCIAL RESOURCES
HAVE BEEN OBTAINED FOR DEVELOPMENT OF A SUITABLE
RESIDENCE PLAN; RELEASEE SHALL NOT LEAVE TRAVIS
COUNTY COMPLEX LOCATED AT 3614 BILL PRICE ROAD, DEL
VALLE, TEXAS WITHOUT APPROVAL OF THE SUPERVISING
PAROLE OFFICER NOR SHALL THE RELEASEE LEAVE THE
FACILITY UNLESS SUCH DEPARTURE IS UNDER THE
SUPERVISION OF THE TDCJ PAROLE DIVISION; SISP CONDITIONS.

_____ SEP 2 5 2002        X _____ SEP 2 5 2002
Witness signature                   OFFENDER signature

S.I.S.P.

000015

# ATTACHMENT -- SPECIAL CONDITION -- "X"
## SEX OFFENDER PROGRAM

NAME      : MEZA, RAUL

TDCJ-ID # : 332350

SID #        : 02286353

1.  Offender shall enroll in and participate in a treatment program for sex offenders as directed by the supervising parole officer.

2.  Offender shall not operate, cause to operate, secure employment in, participate in, attend, nor go in, or on any sexually-oriented business, including adult bookstores, massage parlors, adult video stores, or any business that provides adult entertainment, such as nude or partially-nude services, dancing, or exhibition.

3.  Offender shall not contact or cause to be contacted, in person, by telephone, correspondence, video or audio device, third person, media or by any electronic means, the victim or guardian of the victim of the instant offense.

4.  Offender shall not participate in any volunteer activities or volunteer any services without prior approval of the offender's supervising officer. In the event any such volunteer activity or service is approved, offender must notify the prospective recipient agency/person regarding his/her criminal history.

5.  Offender shall not possess, purchase or subscribe to, or cause to be purchased or subscribed to, any literature, magazine, books, or video tapes which depict sexually explicit images, nor communicate or cause to communicate with a person for sexually explicit purposes through telecommunications or any other electronic means, including 1-900 services.

6.  Offender shall abide by additional sex offender condition components to the extent directed in writing by the supervising parole officer.

_____ SEP 2 5 2002        X _Iuse to Sign_ SEP 2 5 2002
Witness signature                          OFFENDER signature
                                                        NLW

**S.I.S.P.**

000016

# ATTACHMENT -- SPECIAL CONDITION "O"

NAME        :   MEZA, RAUL

TDCJ-ID #  :   332350

SID #        :   02286353

The offender shall avoid association with persons of criminal background to include:

a.   No affiliation with any gang and no participation in any gang activity;

b.   No contact or attempted contact with any gang or gang members. Should there be any inadvertent contact with said any gang or gang member(s), the offender shall immediately leave and not threaten, assault, or verbally abuse them.

c.   No gang-affiliated confrontation, communications, gestures, clothing, and exhibition of colors.

d.   No possession of contraband in home, vehicle or on the offender's person, including, but not limited to: prohibited or illegal weapons or controlled substances or illegal drugs.

_____ SEP 25 2002        X _____ SEP 25 2002

Witness signature                      OFFENDER signature

S.I.S.P.

000017

# Texas Department of Criminal Justice
# Parole Division

## Sex Offender Counseling Notification Form

In compliance with Government Code 508.187, Subsection (b)(2), The offender is instructed to attend sex offender counseling as listed below. The District Parole Officer will make changes if necessary regarding these instructions.

### PROVIDER:

The Orion Treatment Center
Vivian Heine
The Braithwaite Bldg.
800 West Ave.
or
4419 Frontier Trail
Austin, Texas 78701
Phone 512-495-9917
(Spanish – Contact Shelly Graham, 512-415-0381)

T.C. Saathoff
800 West Ave.
The Braithwaite Bldg.
Austin, Texas  78701
Phone 512-867-0052

S.I.S.P.

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## PAROLE DIVISION

## ATTACHMENT - SPECIAL CONDITION - 'O' - OTHER

In accordance with Board of Pardons and Paroles Order 98-10.01 dated 10/7/98 and Sections 508.044 and 508.045 of the Texas Government Code, the releasee is required to obtain a Texas Department of Public Safety (DPS) Personal Identification Card or Driver's License. The releasee shall comply with all applicable laws, rules and regulations in connection with this policy. A Texas driver's license or personal identification card issued by the Texas D.P.S. shall be kept in the releasee's possession at all times for the duration of the supervision period and shall be presented to law enforcement and Texas Department of Criminal Justice officials upon request.

S.I.S.P

TDCJ-BPP

# State of Texas

DPS NO: 02286353
VOP
GANG AFFILIATION: Y

## TEXAS DEPARTMENT of CRIMINAL JUSTICE
### PARDONS and PAROLES DIVISION

## Certificate of Mandatory Supervision

### KNOW ALL MEN BY THESE PRESENTS:

The Texas Department of Criminal Justice Pardons and Paroles Division of the State of Texas has been furnished information by the Texas Department of Criminal Justice Institutional Division that

00332350        SB
TDCJ No.

MEZA,RAUL
Name

now confined in the Texas Department of Criminal Justice Institutional Division is eligible for MANDATORY SUPERVISION under the provision of Art. 42.18 C.C.P. A satisfactory release plan has been submitted; THEREFORE, the Board of Pardons and Paroles hereby orders that the said inmate be released under Mandatory Supervision to the confines of the state and that he shall be deemed on mandatory supervision and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

DEL VALLE CORRECTONAL COMPLEX
3614 BILL PRICE ROAD
DEL VALLE, TX  78617
(512)473-4181

Go directly to your approved residential plan. Report to your Parole Officer by 9 A.M. the first working day after release date. Failure to do so will cancel further gate money & result in the issuance of arrest warrant.

and that he be permitted to be at liberty in the legal custody of the Texas Department of Criminal Justice Institutional Division but amenable to the orders of the Board of Pardons and Paroles and the Pardons and Paroles Division, and under the rules and conditions of mandatory supervision. The period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under mandatory supervision is also calculated as calendar time. This permit to be at liberty on mandatory supervision is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s). This certificate shall become effective when eligibility requirements for mandatory supervision under Art. 42.18 C.C.P. have been attained by said inmate or when mandatory supervision is ordered by the Board of Pardons and Paroles under Sections 8(c) or 8(d) of Art. 42.18 C.C.P. BE FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS MANDATORY SUPERVISION, AND THAT ALL TIME SERVED ON MANDATORY SUPERVISION SHALL BE FORFEITED.

### SPECIAL CONDITIONS

(1) M    (2) X    (3) V    (4) O
X -- see attachment
M -- SEX OFFENDER REGISTRATION PROGRAM

S.I.S.P.

Legal County of Residence : TRAVIS
Approved County of Release: TRAVIS
Due To:

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES, AND UNDER THE SEAL, OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AT AUSTIN, TEXAS ON THIS THE _____24TH_____ DAY OF ___SEPTEMBER___, __2002__.

BOARD OF PARDONS AND PAROLES

000020

If Mandatory Supervision is satisfactorily completed, Discharge Date will be ___10-29-16___

RULES AND GENERAL CONDITIONS OF MANDATORY SUPERVISION RELEASE AS PROVIDED BY
TEXAS DEPARTMENT OF CRIMINAL JUSTICE
PARDONS AND PAROLES DIVISION, ART. 42.18, C.C.P.

In consideration of the release granted to me by the Board of Pardons and Paroles (Board) I do hereby accept such mandatory supervision. I recognize that my mandatory supervision release is conditional and agree to abide by the following terms and conditions:

1. Upon release from the institution, report immediately, as instructed, to my Parole Officer; thereafter, report as directed and follow all instructions from my Parole Officer which are authorized by the Board and the Pardons and Paroles Division.
2. Obey all municipal, county, state and federal laws.
3. Obtain written permission of my Parole Officer prior to changing my place of residence.
4. Obtain written permission of my Parole Officer prior to leaving the State of Texas.
5. I shall not own, possess, use, sell, nor have under my control any firearm, prohibited weapon or illegal weapon as defined in the Texas Penal Code; nor shall I unlawfully carry any weapon nor use, attempt or threaten to use any tool, implement or object to cause or threaten to cause any bodily injury.
6. The releasee shall avoid association with persons of criminal background.
7. The releasee shall not enter into any agreement to act as 'informer' or special agent for any law enforcement agency without specific written approval of the Division Director.
8. Abide by any Special Condition(s) imposed by the Board and the Pardons and Paroles Division; any such Special Condition(s) imposed upon release will be indicated on the face of this certificate by the letter(s) corresponding to the conditions as listed below.
9. General Provisions
   a. I hereby agree to abide by all rules of Mandatory Supervision and all laws relating to the revocation of Mandatory Supervision including, but not limited to, appearance at any hearings or proceedings required by the law of the jurisdiction in which I may be found or of the State of Texas. I further agree and consent that the receiving state, if I am under Compact Supervision, or any state wherein I may be found while on Mandatory Supervision or under Mandatory Supervision jurisdiction, may conduct such hearings as deemed necessary, proper or which may be required by law.
   b. I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my supervising officer with documentation verifying the payment by me of said amounts. I will be required to pay a supervision fee for each month I am required to report to a supervising officer as instructed by my supervising officer.
   c. In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Inter-State Compact for the Supervision of Parolees and Article 42.11 Texas Code of Criminal Procedure, and in consideration of being granted Mandatory Supervision by the Board of Pardons and Paroles, or for any reason I may be outside of the State of Texas, I hereby agree to and I hereby do waive extradition to the State of Texas from any jurisdiction in or outside the United States where I may be found; I do hereby further agree that I will not in any manner contest any effort by the State of Texas, or any state of jurisdiction, to return me to the State of Texas.

## SPECIAL CONDITIONS

C. Releasee shall not open a checking account.
D. Release to detainer or plan. (See attachment)
E. Releasee must attend basic education or vocational training as directed by supervising parole officer.
H. Halfway House Placement. (See attachment)
I. Releasee must notify any prospective employer regarding criminal history, if position of financial responsibility is involved.
L. Releasee shall be assigned to the highest level of supervision or supervision case load until appropriate level of supervision is further established by objective assessment instrument and supervision case classification.
M. Releasee shall comply with Sex Offender Registration Program.
O. Releasee shall comply with any other condition as specified herein. (See attachment)
P. Releasee shall participate in a Mental Health/Mental Retardation treatment or counseling program as directed by the supervising parole officer.
R. (Instate) Make restitution payments as required by supervising parole officer in a specified amount.
   (Out of State) By the 10th of each month, payments (cashier's check or money order) shall be paid to the Texas Department of Criminal Justice, Pardons and Paroles Division (P.O. Box 13401, Capitol Station, Austin, Texas 78711); in a specified amount.
S. Releasee shall submit to substance(alcohol/narcotics) treatment program, which may include urinalysis monitoring, attendance at scheduled counseling sessions, driving restrictions, or related requirements as directed by the supervising parole officer.
V. Releasee shall not contact victim(s).
Z. Releasee shall not enter the specified county without prior written approval.

I HEREBY CERTIFY that I fully understand and accept each of the above conditions under which I am being released and agree that I am bound to faithfully observe each of the same. I fully understand and agree that a violation of or refusal of or refusal to comply with any of the conditions of Mandatory Supervision shall be sufficient cause for revocation of Mandatory Supervision; and I further understand that when a warrant or a summons is issued charging a violation of Mandatory Supervision rule or special conditions the sentence time credit shall be suspended until a determination is made in such case and such suspended time credit may be reinstated should such Mandatory Supervision be continued, as provided by law (Article 42.18, Section 14, C.C.P.). I understand and agree that while I am under Mandatory Supervision I am in the legal custody of the Texas Department of Criminal Justice Institutional Division and that I will receive credit on my sentence day for day (without commutation subject to orders of the Pardons and Paroles Division and that I will receive credit on my sentence on Mandatory Supervision, time spent on time); I further understand and do agree that in the event of revocation of this release on Mandatory Supervision, time spent on Mandatory Supervision will not be credited to my sentence.

AGREED AND SIGNED
on this date: SEP 2 5 2002 Inmate's Signature _____
I hereby certify that these rules, regulations and conditions have been explained to the releasee and he has agreed to abide by the same upon his release.

SEP 2 5 2002

_____
PARDONS AND PAROLES DIVISION REPRESENTATIVE

DATE

PSL - 32 (9/92)

000021

# ATTACHMENT -- SPECIAL CONDITION "X"
## SEX OFFENDER PROGRAM

NAME        MEZA, RAUL

TDCJ-ID #   0032150

SID #       03284353

1.  Offender shall enroll in and participate in a treatment program for sex offenders as directed by the supervising parole officer.

2.  Offender shall not operate, cause to operate, secure employment in, participate in, attend, nor go in, or on any sexually-oriented business, including adult bookstores, massage parlors, adult video stores, or any business that provides adult entertainment, such as nude or partially-nude services dancing, or exhibition.

3.  Offender shall not contact or cause to be contacted, in person, by telephone, correspondence, video or audio device, third person, media or by any electronic means, the victim or guardian of the victim of the instant offense.

4.  Offender shall not participate in any volunteer activities or volunteer any services without prior approval of the offender's supervising officer. In the event any such volunteer activity or service is approved, offender must notify the prospective recipient agency/person regarding his/her criminal history.

5.  Offender shall not possess, purchase or subscribe to, or cause to be purchased or subscribed to, any literature, magazine, books, or video tapes which depict sexually explicit images, nor communicate or cause to communicate with a person for sexually explicit purposes through telecommunications or any other electronic means, including 1-900 services.

6.  Offender shall abide by additional sex offender condition components to the extent directed in writing by the supervising parole officer.

SEP 2 5 2002

_Donna_ _____  SEP 2 5 2002

Witness signature

X _Refuse to Sign_
OFFENDER signature

000022

# ATTACHMENT – SPECIAL CONDITION "O"

NAME          MEZA, RAUL

TDCJ-ID #     332350

SID #         02286353

The offender shall avoid association with persons of criminal background to include:

a.   No affiliation with any gang and no participation in any gang activity;

b.   No contact or attempted contact with any gang or gang members. Should there be any inadvertent contact with said any gang or gang member(s), the offender shall immediately leave and not threaten, assault, or verbally abuse them.

c.   No gang-affiliated confrontation, communications, gestures, clothing, and exhibition of colors.

d.   No possession of contraband in home, vehicle or on the offender's person, including, but not limited to: prohibited or illegal weapons or controlled substances or illegal drugs.

SEP 2 5 2002

_Donnald_ SEP 2 5 2002

Witness signature

X _Refuse to Sign_ w/x0

OFFENDER signature

000023

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
PAROLE DIVISION

ATTACHMENT - SPECIAL CONDITION - 'O' - OTHER

In accordance with Board of Pardons and Paroles Order 98-10.01 dated 10/7/98 and Sections 508.044 and 508.045 of the Texas Government Code, the releasee is required to obtain a Texas Department of Public Safety (DPS) Personal Identification Card or Driver's License. The releasee shall comply with all applicable laws, rules and regulations in connection with this policy. A Texas driver's license or personal identification card issued by the Texas D.P.S. shall be kept in the releasee's possession at all times for the duration of the supervision period and shall be presented to law enforcement and Texas Department of Criminal Justice officials upon request.



# State of Texas

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### PARDONS AND PAROLE DIVISION

### Certificate of Mandatory Supervision

2003 FEB 15  PM 9 42

Date of issuance: 02/24/2003

|  |  |  |
|---|---|---|
|  | **TDCJ #** | **SID #** |
|  | 00332350 | 02286353 |

**Name**
MEZA,RAUL

**Legal county of residence**     **Approved county of release**
TRAVIS                            TRAVIS

**Cause#:**  65,241

The Texas Department of Criminal Justice Institutional Division (TDCJ-ID) of the State of Texas has determined that said offender is eligible for Mandatory Supervision under the provisions of Chapter 508, Texas Gov't. Code.  THEREFORE, the Texas Board of Pardons and Paroles (Board) hereby orders that said offender be released under Mandatory Supervision and shall immediately report to the office indicated below for supervision:

AUSTIN DPO 1
2101 EAST BEN WHITE
AUSTIN, TX 78741
(512)442-8367

**Go directly to your approved residential plan.  Report to your Parole Officer by 9 A.M. the first working day after release date.  Failure to do so will cancel further gate money and result in the issuance of arrest warrant.**

and shall be permitted to be at liberty in the legal custody of the State of Texas but subject to the orders of the Board and the Texas Department of Criminal Justice Parole Division, and under the rules and conditions of Mandatory Supervision herein.  The period of Mandatory Supervision shall be for a period equivalent to the maximum term for which the offender was sentenced less calendar time actually served on the sentence.  The time to be served under Mandatory Supervision is also calculated as calendar time.  The certificate shall become effective when eligibility requirements for Mandatory Supervision under Chapter 508, Texas Gov't. Code have been met or when Mandatory Supervision is ordered by the Board of Pardons and Paroles.

## STATUTORILY MANDATED CONDITIONS

Unless otherwise provided, I shall reside in the county in which I resided at the time I committed the offense for which I was sentenced to the Institutional Division or the county of the offense for which I was sentenced to the Institutional Division if I was not a resident of the State of Texas.

I shall demonstrate an educational skill level that is equal to or greater than the average skill level of students who have completed the sixth grade in a public school in the State of Texas.

I shall submit to testing for alcohol or controlled substances.

I shall not communicate directly or indirectly with the victim; or to or near the residence, place of employment, or business of the victim; or go to or near a school, day-care facility, or similar facility where a dependent child of the victim is in attendance;

I shall not intentionally or knowingly communicate directly or indirectly with, nor intentionally or knowingly go near a residence, school, place of employment, or business of the victim of the offense for which I was sentenced to the Institutional Division.

I shall reimburse the State of Texas for the costs of any Post-Secondary Educational Programs in which I participated in TDCJ.

Upon written instruction from my supervising officer:

I shall participate in a drug or alcohol continuum of care treatment program.

I shall register as a sex offender under Chapter 62, Code of Criminal Procedure.

I shall not go in, on, or within a distance specified by a parole panel of premises where children commonly gather, nor shall I supervise or participate in any program that includes as participants or recipients, persons who are 17 years of age or younger, and I shall attend psychological counseling as specified by my supervising officer.

I shall perform not less than 300 hours of community service as a service project designated by a parole panel.

## SPECIAL CONDITIONS

M      - I shall register as a sex offender under Chapter 62, Code of Criminal Procedure and submit a blood sample or other specimen to the Department of Public Safety for the purpose of creating a DNA record.

0.34  - I shall participate in County Jail Work Program.

0.6   - I shall not go in, on, or within the below specified distance specified by the panel, of premises where children commonly gather, nor shall I supervise or participate in any program that includes as participants or recipients, persons who are 17 years of age or younger, and I shall attend psychological counseling sessions for a period of time determined necessary by the panel.

0.8   - I shall avoid association with persons of criminal background.

0.8   - No affiliation with any gang or no participation in any gang activity.  Should there be any inadvertent contact with said individual/gang or any other gang member(s), I shall immediately leave and not threaten, assault or verbally abuse them. BARRIO AZTECA

0.8   - No contact or attempted contact with any other gang or gang members.

0.8   - No gang-affiliated confrontation, communications, gestures, clothing, and exhibition of colors.

0.8   - No possession of contraband in home, vehicle or onmy person, including, but not limited to:  prohibited or illegal weapons and controlled substances or illegal drugs.

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THE 24TH DAY OF FEBRUARY, 2003.

. If mandatory supervision is satisfactorily completed, maximum
expiration date will be: 10/29/2016

GERALD GARRETT
BOARD OF PARDONS AND PAROLES

Page 1

# Certificate of Mandatory Supervision

TDCJ #
00332350

SID #
02286353

Name
MEZA,RAUL

SISP - I shall comply with Super Intensive Supervision Program conditions.
SISP - Submit to electronic monitoring.
SISP - Comply with a daily activity schedule.
SISP - Not travel within or beyond county of residence without approval of supervising parole officer.
SISP - Reside in a community residential facility (halfway house) designed by TDCJ-Parole Division and shall comply with all facility rules
       and regulations in effect during my period of residence at the facility.
SISP - Attend adult basic education program.
SISP - Attend Day Resource Center (DRC) programming.
SISP - Actively seek employment.
SISP - Not unlawfully use drugs, narcotics, or controlled substances.
SISP - Not use intoxicating inhalants.
SISP - Not consume alcoholic beverages.
SISP - Not enter an establishment where the primary function is the sale and dispensing of alcoholic beverages for on-premises consumption.
SISP - Submit to alcohol use testing.
SISP - Submit to urinalysis testing.
SISP - Obey all driving restrictions.
SISP - Attend substance abuse counseling sessions.
SISP - Participate in substance abuse (alcohol/ narcotics) treatment program.
SISP - Not go in, on or within 500 feet of premises where children commonly gather.
SISP - Not supervise or participate in any program that includes participant or recipient persons who are seventeen (17) year of age or
       younger.
SISP - Not operate, cause to operate, secure employment in, participate in, or attend, go in, on or within 500 feet of any sexually oriented
       business.
SISP - I shall not reside with, contact or cause to be contacted, any person seventeen (17) years of age or younger without approval of
       supervising officer.  I shall not become involved in dating, marriage, or platonic relationship with any person seventeen (17) years of
       age or younger or any person who has children seventeen (17) years of age or younger without approval of supervising officer.  I shall
       not have unsupervised contact with persons seventeen (17) years of age or younger.  The supervisor of the contact shall be approved by
       supervising officer.
SISP - Not possess, purchase, or subscribe to any literature, magazines, books, or videotapes that depict sexually explicit images.
SISP - Not communicate with a person for sexually explicit purposes through telecommunications or any other electronic means, including 1-900
       services.
SISP - Not subscribe to, operate, use, or communicate on or by computer or otherwise Internet services, fax services, or electronic bulletin
       boards.
SISP - Not own, maintain, or operate computer equipment.
SISP - Not own, maintain , or operate photographic equipment.
SISP - Participate in sex offender registration program.
SISP - Submit to psychological evaluation.
SISP - Participate in treatment program for sex offenders. DR SHELLY GRAHAM
SISP - Participate in anger management or counseling programs.
SISP - Not contact or cause to be contacted, in person, by telephone, correspondence, video or audio device, third person, media or by any
       electronic means, the victim or guardian of the victim of instant offense.
SISP - Inform any prospective employer of supervision status.
V2   - I shall not intentionally or knowingly communicate directly or indirectly with, nor intentionally or knowingly go near the below
       specified residence, school, place of employment, or business of the victim of the offense for which I was sentenced to the
       Institutional Division.
X    - I shall participate in the Sex Offender Program, to include: 1. I shall enroll in and participate in a treatment program for sex
       offenders as directed by the supervising parole officer.  2. I shall not operate, cause to operate, secure employment in, participate
       in, attend, nor go in, or on any sexually-oriented business, including adult bookstores, massage parlors, adult video stores, or any
       business that provides adult entertainment, such as nude or partially-nude services, dancing, or exhibition.  3. I shall not contact or
       cause to be contacted, in person, by telephone, correspondence, video or audio devices, third person, media, or by any electronic
       means, the victim or guardian of the victim of the instant offense.  4. I shall not participate in any volunteer activities or
       volunteer any services without prior approval of my supervising officer.  In the event any such volunteer activity or service is
       approved, I must notify the prospective recipient agency/person regarding my criminal history.  5. I shall not possess, purchase or
       subscribe to, or cause to be purchased or subscribed to, any literature, magazine, books, or video tapes which depict sexually explicit
       images, nor communicate or cause to communicate with a person for sexually explicit purposes through telecommunications or any other
       electronic means, including 1-900 services.  6.  I shall abide by additional sex offender condition components to the extent directed
       in writing by the supervising parole officer.
X    - Not participate in any program that includes as participants who are 17 years of age or younger.  The supervising parole officer shall approve the supervisor of
       the contact.
X    - Not have any unsupervised contact with children under 17 years of age.
X    - Not reside with, contact or cause to be contacted any person 17 years of age or younger, in person, by telephone, correspondence,

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THE 24TH DAY OF FEBRUARY, 2003.

If mandatory supervision is satisfactorily completed, maximum
expiration date will be: 10/29/2016

GERALD GARRETT
BOARD OF PARDONS AND PAROLES

Page 2

000026



# State of Texas

### TEXAS DEPARTMENT OF CRIMINAL JUSTICE
#### PARDONS AND PAROLE DIVISION

## Certificate of Mandatory Supervision

Name                                          TDCJ #                    SID #
MEZA,RAUL                                     00332350                  02286353

    video, or audio device, third person, media, or any electronic means, unless approved by supervising parole officer.

X  - Not leave the following listed county without written permission from my supervising parole officer. TRAVIS COUNTY

X  - Not become involved in dating, marriage, or platonic relationship with any person who has children 17 years of age or younger unless approved by releasee's supervising parole officer.

X  - Be electronically monitored as directed by the supervising parole officer.

X  - Not enroll in, attend, or enter an institution of higher learning, to include community college, junior college, university, public or private, or any of their facilities, off-site or otherwise, without board panel approval and notification to the victim or guardian of the victim of the instant offense.

X  - Not own, maintain, or operate computer equipment without a declared purpose and the authorization by my supervising parole officer.

X  - Not own, maintain or operate photographic equipment, to include instamatic, still photo, video, or any electronic imaging equipment unless approved by my supervising parole officer.

X  - Notify any prospective employer regarding the releasee's criminal history if directed in writing by the supervising parole officer.

X  - Be evaluated to determine need for sex offender counseling.

X  - Enroll and participate in a treatment program for sex offenders as directed by the supervision parole officer.

X  - Not operate, cause to operate, secure employment in, participate in, attend, nor go in, or on any sexually-oriented business, including adult bookstores, massage parlors, adult video stores, or any business that provides adult entertainment, such as nude or partially-nude services, dancing or exhibition.

X  - Not contact or cause to be contacted, in person, by telephone, correspondence, video, or audio devices, third person, media, and/or by any electronic means the victim or guardian of the victim of the instant offense.

X  - Not participate in any volunteer activities or volunteer any services without prior approval of my supervising officer.  In the event any such volunteer activity or service is approved, I must notify the prospective recipient agency/person regarding my criminal history

X  - Not possess, purchase or subscribe to, or cause to be purchased or subscribed to any literature, magazine, books, or video tapes which depict sexually explicit images; non-communicate or cause to communicate with a person for sexually explicit purposes through telecommunication or any other electronic means, including L-900 services.



000028

# Certificate of Mandatory Supervision
## GENERAL CONDITIONS OF MANDATORY SUPERVISION RELEASE

Name                                          TDCJ #          SID #
MEZA,RAUL                                      00332350        02286353

In consideration of the release to Mandatory Supervision granted by the State of Texas, I do hereby accept such Mandatory Supervision.  I
recognize that my release is conditional based upon my performance of the following terms and conditions:

1.  I shall upon release from the institution, report immediately, as instructed to my Parole Officer; thereafter, report as directed
    and follow all instructions from my Parole Officer.
2.  I shall commit no offense against the laws of this State or of any other State or of the United States.
3.  I shall reside in a specified place as approved by my supervising officer.
4.  I shall not travel outside the State of Texas without the approval of my supervising officer.
5.  I shall not unlawfully own, possess, use, sell, nor have under my control any weapon or illegal weapon.
6.  I shall avoid persons or places of disreputable or harmful character.
7.  I shall not enter into any agreement to act as "Informer" or special agent for any law enforcement agency without specific written
    approval of the Parole Division Director or designee.
8.  I shall abide by all Special Conditions imposed upon me by the Board.
9.  General Provisions:
    A.  I hereby agree to abide by all rules of Mandatory Supervision including, but not limited to, the requirement that I appear
        at any hearings or proceedings concerning alleged violations of Mandatory Supervision as required by law of the
        jurisdiction in which I may be found or the State of Texas.  I further agree and consent that the receiving state, if I am
        under the Interstate Compact Supervision, or any state wherein I may be found while on Mandatory Supervision or under
        Mandatory Supervision jurisdiction, may conduct such hearings as deemed necessary, proper or which may be required by law.
    B.  In the event I am granted the privilege of residing in and being under the supervision of any other state or territory
        under the Interstate Compact for the supervision of Parolees pursuant to Article 42.11 Texas Code of Criminal Procedure
        and if for any reason I may be outside of the State of Texas, I hereby agree to waive extradition to the State of Texas
        from any jurisdiction in or outside the United States where I may be found.  I further agree that I will not in any manner
        contest any effort by the State of Texas, or any state of jurisdiction, to return me to the State of Texas.
    C.  I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me,
        to the clerk of the court of conviction, and I agree to provide my Parole Officer with documentation verifying payment of
        said amounts.  I shall pay a supervision fee for each month that I am required to report to a Parole Officer as instructed
        by my Parole Officer.
    D.  In the event I am placed in or allowed to reside in a halfway house or community residential facility, I hereby agree to
        go directly to and reside in the facility designated by the Parole Division until released by the Division.  I shall abide
        by the rules of the facility and attend all required meetings.  I shall not leave the physical confines of the facility
        and the property thereof, except for traveling to and from work, or as authorized by facility rules.  During my stay, I
        shall pay 25% of my gross income to the facility if required.  I shall leave all keys to any motor vehicle that I have use
        of with facility staff when the motor vehicle is not in use.
    E.  As required by the Board, I shall obtain and keep in my possession a Texas Department of Public Safety (DPS) Personal
        Identification Card or Driver's License.  I shall present said identification to law enforcement or Texas Department of
        Criminal Justice officials upon request.
    F.  If I am released to a detainer and deported outside the international borders of the United States prior to the maximum
        expiration date shown on this Release Certificate, I shall not enter the United States unlawfully.  In the event that I
        gain lawful entry into the United States, I shall report immediately, as instructed to the office shown on this Release
        Certificate.  If at any time prior to the maximum expiration date shown on this Release Certificate said detaining agency
        fails to exercise custody, I shall immediately upon release (within 24 hours) report as instructed to the office shown on
        this Release Certificate.

I HEREBY CERTIFY that I fully understand and agree to be bound by each of the conditions under which I am being released.  I further
understand and agree that a violation or refusal to comply with any of the conditions of supervision may be sufficient cause for revocation of
supervision.  I understand that when a warrant or a summons is issued that the sentence time credit shall be suspended until a determination
is made in such case and such suspended time credit may be reinstated should supervision be continued.  I UNDERSTAND AND AGREE THAT WHILE
UNDER SUPERVISION I REMAIN IN THE LEGAL CUSTODY OF THE STATE OF TEXAS SUBJECT TO THE ORDERS OF THE BOARD AND PAROLE DIVISION.

AGREED AND SIGNED

_____  *Refuse to Sign*         _____
MEZA,RAUL                                                  Date

I hereby certify that these rules, regulations and conditions have been explained to the releasee and he/she has agreed to abide by the same
upon release.

_____                           3-20-03        000029
Parole Division Representative                            Date
                                                                          Page  4
                                                                          Last Page

## Certificate of Mandatory Supervision

Date of issuance: 11/13/2003

**Name**
MEZA,RAUL

TDCJ #
00332350

SID #
02286353

**Legal county of residence**
TRAVIS

**Approved county of release**
TRAVIS

**Cause#:**   65,241

The Texas Department of Criminal Justice Institutional Division (TDCJ-ID) of the State of Texas has determined that said offender is eligible for Mandatory Supervision under the provisions of Chapter 508, Texas Gov't. Code. THEREFORE, the Texas Board of Pardons and Paroles (Board) hereby orders that said offender be released under Mandatory Supervision and shall immediately report to the office indicated below for supervision:

AUSTIN DPO 1
2101 EAST BEN WHITE
AUSTIN, TX  78741
(512)442-8367

**Go directly to your approved residential plan. Report to your Parole Officer by 9 A.M. the first working day after release date. Failure to do so will cancel further gate money and result in the issuance of arrest warrant.**

and shall be permitted to be at liberty in the legal custody of the State of Texas but subject to the orders of the Board and the Texas Department of Criminal Justice Parole Division, and under the rules and conditions of Mandatory Supervision herein. The period of Mandatory Supervision shall be for a period equivalent to the maximum term for which the offender was sentenced less calendar time actually served on the sentence. The time to be served under Mandatory Supervision is also calculated as calendar time. The certificate shall become effective when eligibility requirements for Mandatory Supervision under Chapter 508, Texas Gov't. Code have been met or when Mandatory Supervision is ordered by the Board of Pardons and Paroles.

STATUTORILY MANDATED CONDITIONS

Unless otherwise provided, I shall reside in the county in which I resided at the time I committed the offense for which I was sentenced to the Institutional Division or the county of the offense for which I was sentenced to the Institutional Division if I was not a resident of the State of Texas.
I shall demonstrate an educational skill level that is equal to or greater than the average skill level of students who have completed the sixth grade in a public school in the State of Texas.
I shall submit to testing for alcohol or controlled substances.
I shall not communicate directly or indirectly with the victim; go to or near the residence, place of employment, or business of the victim; or go to or near a school, day-care facility, or similar facility where a dependent child of the victim is in attendance.
I shall not intentionally or knowingly communicate directly or indirectly with, nor intentionally or knowingly go near a residence, school, place of employment, or business of the victim of the offense for which I was sentenced to the Institutional Division.
I shall reimburse the State of Texas for the costs of any Post-Secondary Educational Programs in which I participated in TDCJ.
Upon written instruction from my supervising officer:
I shall participate in a drug or alcohol continuum of care treatment program.
I shall register as a sex offender under Chapter 62, Code of Criminal Procedure.
I shall not go in, on or within a distance specified by a parole panel of premises where children commonly gather, nor shall I supervise or participate in any Program that includes as participants or recipients, persons who are 17 years of age or younger, and I shall attend psychological counseling as specified by my supervising officer.
I shall perform not less than 300 hours of community service at a service project designated by a parole panel.

SPECIAL CONDITIONS

M     - I shall register as a sex offender under Chapter 62, Code of Criminal Procedure and submit a blood sample or other specimen to the
        Department of Public Safety for the purpose of creating a DNA record.
0.06 - I shall not go in, on, or within the below specified distance specified by the panel, of premises where children commonly gather, nor
        shall I supervise or participate in any program that includes as participants or recipients, persons who are 17 years of age or
        younger, and I shall attend psychological counseling sessions for a period of time determined necessary by the panel.
0.08 - I shall avoid association with persons of criminal background.
0.08 - No affiliation with any gang or no participation in any gang activity.
0.08 - No contact or attempted contact with any other gang or gang member. Should there be any inadvertent contact with said individual/gang
        or any other gang member(s), I shall immediately leave and not threaten, assault or verbally abuse them.
0.08 - No gang-affiliated confrontation, communications, gestures, clothing, and exhibition of colors.
0.08 - No possession of contraband in home, vehicle or on my person, including, but not limited to: Prohibited or illegal weapons or
        controlled substances or illegal drugs.
0.34 - I shall participate in County Jail Work Program.

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THE 13TH DAY OF NOVEMBER, 2003.

000030

RISSIE OWENS
BOARD OF PARDONS AND PAROLES

If mandatory supervision is satisfactorily completed, maximum
expiration date will be: 10/29/2016

Page  1

# Certificate of Mandatory Supervision

**Name**
MEZA,RAUL

TDCJ #
00332350

SID #
02286353

0.94 - NET DATE RELEASEE SHALL NOT LEAVE TRAVIS COUNTY CORRECTIONAL COMPLEX W/OUT APPROVAL OF THE SUPERVISING PAROLE OFFICER NOR SHALL THE RELEASEE LEAVE THE FACILITY UNLESS SUCH DEPARTURE IS UNDER THE SUPERVISION OF THE TDCJ PAROLE DIVISION

SISP - I shall comply with Super Intensive Supervision Program conditions.
SISP - Submit to electronic monitoring.
SISP - Comply with a daily activity schedule.
SISP - Not travel within or beyond county of residence without approval of supervising parole officer.
SISP - Reside in a community residential facility (halfway house) designed by TDCJ-Parole Division and shall comply with all facility rules and regulations in effect during my period of residence at the facility.
SISP - Attend adult basic education program.
SISP - Attend Distrct (Day) Resource Center (DRC) programming.
SISP - Actively seek employment.
SISP - Not unlawfully use drugs, narcotics, or controlled substances.
SISP - Not use intoxicating inhalants.
SISP - Not consume alcoholic beverages.
SISP - Not enter an establishment where the primary function is the sale and dispensing of alcoholic beverages for on-premises consumption.
SISP - Submit to alcohol use testing.
SISP - Submit to urinalysis testing.
SISP - Obey all driving restrictions.
SISP - Attend substance abuse counseling sessions.
SISP - Participate in substance abuse (alcohol/ narcotics) treatment program.
SISP - Not go in, on or within 500 feet of premises where children commonly gather.
SISP - Not supervise or participate in any program that includes participant or recipient persons who are seventeen (17) year of age or younger.
SISP - Not operate, cause to operate, secure employment in, participate in, or attend, go in, on or within 500 feet of any sexually oriented business.
SISP - I shall not reside with, contact or cause to be contacted, any person seventeen (17) years of age or younger without approval of supervising officer. I shall not become involved in dating, marriage, or platonic relationship with any person seventeen (17) years of age or younger or any person who has children seventeen (17) years of age or younger without approval of supervising officer. I shall not have unsupervised contact with persons seventeen (17) years of age or younger. The supervisor of the contact shall be approved by supervising officer.
SISP - Not possess, purchase, or subscribe to any literature, magazines, books, or videotapes that depict sexually explicit images.
SISP - Not communicate with a person for sexually explicit purposes through telecommunications or any other electronic means, including 1-900 services.
SISP - Not subscribe to, operate, use, or communicate on or by computer or otherwise Internet services, fax services, or electronic bulletin boards.
SISP - Not own, maintain, or operate computer equipment.
SISP - Not own, maintain , or operate photographic equipment.
SISP - Participate in sex offender registration program.
SISP - Submit to psychological evaluation.
SISP - Participate in treatment program for sex offenders. DR SHELLY GRAHAM
SISP - Participate in anger management or counseling programs.
SISP - Not contact or cause to be contacted, in person, by telephone, correspondence, video or audio device, third person, media or by any electronic means, the victim or guardian of the victim of instant offense.
SISP - Inform any prospective employer of supervision status.
Y2 - I shall not intentionally or knowingly communicate directly or indirectly with, nor intentionally or knowingly go near the residence, school, place of employment, or business of the victim of the offense for which I was sentenced to the Institutional Division.
X - I shall participate in the Sex Offender Program, to include: 1. I shall enroll in and participate in a treatment program for sex offenders as directed by the supervising parole officer. 2. I shall not operate, cause to operate, secure employment in, participate in, attend, nor go in, or on any sexually-oriented business, including adult bookstores, massage parlors, adult video stores, or any business that provides adult entertainment, such as nude or partially-nude services, dancing, or exhibition. 3. I shall not contact or cause to be contacted, in person, by telephone, correspondence, video or audio devices, third person, media, or by any electronic means, the victim or guardian of the victim of the instant offense. 4. I shall not participate in any volunteer activities or volunteer any services without prior approval of my supervising officer. In the event any such volunteer activity or service is approved, I must notify the prospective recipient agency/person regarding my criminal history. 5. I shall not possess, purchase or subscribe to, or cause to be purchased or subscribed to, any literature, magazine, books, or video tapes which depict sexually explicit images, nor communicate or cause to communicate with a person for sexually explicit purposes through telecommunications or any other electronic means, including 1-900 services. 6. I shall abide by additional sex offender condition components to the extent directed in writing by the supervising parole officer.
X - Not participate in any program that includes as participants who are 17 years of age or younger.
X - Not have any unsupervised contact with children under 17 years of age. The supervising parole officer shall approve the supervisor of the contact.

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THE 13TH DAY OF NOVEMBER, 2003.

000031

If mandatory supervision is satisfactorily completed, maximum expiration date will be: 10/29/2016

RISSIE OWENS
BOARD OF PARDONS AND PAROLES

## Certificate of Mandatory Supervision
### GENERAL CONDITIONS OF MANDATORY SUPERVISION RELEASE

|  | TDCJ # | SID # |
|---|---|---|
| | 00332350 | 02286353 |

**Name**
MEZA, RAUL

In consideration of the release to Mandatory Supervision granted by the State of Texas, I do hereby accept such Mandatory Supervision. I recognize that my release is conditional based upon my performance of the following terms and conditions:

1. I shall upon release from the institution, report immediately, as instructed to my Parole Officer; thereafter, report as directed and follow all instructions from my Parole Officer.
2. I shall commit no offense against the laws of this State or of any other State or of the United States.
3. I shall reside in a specified place as approved by my supervising officer.
4. I shall not travel outside the State of Texas without the approval of my supervising officer.
5. I shall not unlawfully own, possess, use, sell, nor have under my control any weapon or illegal weapon.
6. I shall avoid persons or places of disreputable or harmful character.
7. I shall not enter into any agreement to act as "Informer" or special agent for any law enforcement agency without specific written approval of the Parole Division Director or designee.
8. I shall abide by all Special Conditions imposed upon me by the Board.
9. General Provisions:

    A. I hereby agree to abide by all rules of Mandatory Supervision including, but not limited to, the requirement that I appear at any hearings or proceedings concerning alleged violations of Mandatory Supervision as required by law of the jurisdiction in which I may be found or the State of Texas. I further agree and consent that the receiving state, if I am under the Interstate Compact Supervision, or any state wherein I may be found while on Mandatory Supervision or under Mandatory Supervision jurisdiction, may conduct such hearings as deemed necessary, proper or which may be required by law.

    B. In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Interstate Compact for the supervision of Parolees pursuant to Article 42.11 Texas Code of Criminal Procedure and if for any reason I may be outside of the State of Texas, I hereby agree to waive extradition to the State of Texas from any jurisdiction in or outside the United States where I may be found. I further agree that I will not in any manner contest any effort by the State of Texas, or any state of jurisdiction, to return me to the State of Texas.

    C. I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my Parole Officer with documentation verifying payment of said amounts. I shall pay a supervision fee for each month that I am required to report to a Parole Officer as instructed by my Parole Officer.

    D. In the event I am placed in or allowed to reside in a halfway house or community residential facility, I hereby agree to go directly to and reside in the facility designated by the Parole Division until released by the Division. I shall abide by the rules of the facility and attend all required meetings. I shall not leave the physical confines of the facility and the property thereof, except for traveling to and from work, or as authorized by facility rules. During my stay, I shall pay 25% of my gross income to the facility if required. I shall leave all keys to any motor vehicle that I have use of with facility staff when the motor vehicle is not in use.

    E. As required by the Board, I shall obtain and keep in my possession a Texas Department of Public Safety (DPS) Personal Identification Card or Driver's License. I shall present said identification to law enforcement or Texas Department of Criminal Justice officials upon request.

    F. If I am released to a detainer and deported outside the international borders of the United States prior to the maximum expiration date shown on this Release Certificate, I shall not enter the United States unlawfully. In the event that I gain lawful entry into the United States, I shall report immediately, as instructed to the office shown on this Release Certificate. If at any time prior to the maximum expiration date shown on this Release Certificate said detaining agency fails to exercise custody, I shall immediately upon release (within 24 hours) report as instructed to the office shown on this Release Certificate.

I HEREBY CERTIFY that I fully understand and agree to be bound by each of the conditions under which I am being released. I further understand and agree that a violation or refusal to comply with any of the conditions of supervision may be sufficient cause for revocation of supervision. I understand that when a warrant or a summons is issued that the sentence time credit shall be suspended until a determination is made in such case and such suspended time credit may be reinstated should supervision be continued. <u>I UNDERSTAND AND AGREE THAT WHILE UNDER SUPERVISION I REMAIN IN THE LEGAL CUSTODY OF THE STATE OF TEXAS SUBJECT TO THE ORDERS OF THE BOARD AND PAROLE DIVISION.</u>

AGREED AND SIGNED

_____          _____
MEZA, RAUL                                           Date

I hereby certify that these rules, regulations and conditions have been explained to the releasee and he/she has agreed to abide by the same upon release.

000032

_____          _____
Parole Division Representative                     Date

# Certificate of Mandatory Supervision

TDCJ #
00332350

SID #
02286353

**Name**
MEZA,RAUL

X   · Not reside with, contact or cause to be contacted any person 17 years of age or younger, in person, by telephone, correspondence, video, or audio device, third person, media, or any electronic means, unless approved in writing by my supervising parole officer.

X   · Not leave the following listed county without written permission from my supervising parole officer. TRAVIS COUNTY

X   · Not become involved in dating, marriage, or platonic relationship with any person who has children 17 years of age or younger unless approved in writing by my supervising parole officer.

X   · Be electronically monitored as directed by the supervising parole officer.

X   · Not enroll in, attend, or enter an institution of higher learning, to include community college, junior college, university, public or private, or any facilities, off-site or otherwise, without Board panel approval and notification to the victim or guardian of the victim of the instant offense.

X   · Not own, maintain, or operate computer equipment without a declared purpose and the authorization by my supervising parole officer.

X   · Not own, maintain or operate photographic equipment, to include instamatic, still photo, video, or any electronic imaging equipment unless approved in writing by my supervising parole officer.

X   · Notify any prospective employer regarding the releasee's criminal history if directed in writing by the supervising parole officer.

X   · Be evaluated to determine need for sex offender counseling.

000033

Page 3

TDCJ-BPPD

# State of Texas



DPS NO:    2286353

## TEXAS DEPARTMENT of CRIMINAL JUSTICE
### PARDONS and PAROLES DIVISION

## Certificate of Mandatory Supervision

### KNOW ALL MEN BY THESE PRESENTS:

The Texas Department of Criminal Justice Pardons and Paroles Division of the State of Texas has been furnished information by the Texas Department of Criminal Justice Institutional Division that

RAUL MEZA
Name

332350          R1
TDCJ No.

now confined in the Texas Department of Criminal Justice Institutional Division is eligible for Mandatory Supervision release under the provision of Art. 42.18 C.C.P. A satisfactory release plan has been submitted; THEREFORE, the Board of Pardons and Paroles hereby orders that the said inmate be released under Mandatory Supervision to the confines of the state and that he shall be deemed on mandatory supervision and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

MS. ELIZABETH QUINTANILLA
ALIVIANE INC
10690 SOCORRO ROAD
EL PASO TEXAS 79927

You will report to your assigned Parole Officer within 24 hours of release. Failure to do so will cancel your eligibility for further gate money funds.

and that he be permitted to be at liberty in the legal custody of the Texas Department of Criminal Justice Institutional Division but amenable to the orders of the Board of Pardons and Paroles and the Pardons and Paroles Division, and under the rules and conditions of mandatory supervision. The period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under mandatory supervision is also calculated as calendar time. This permit to be at liberty on mandatory supervision is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s). This certificate shall become effective when eligibility requirements for mandatory supervision under Art. 42.18 C.C.P. have been attained by said inmate or when mandatory supervision is ordered by the Board of Pardons and Paroles under Sections 8(c) or 8(d) of Art. 42.18 C.C.P. BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS MANDATORY SUPERVISION, AND THAT ALL TIME SERVED ON MANDATORY SUPERVISION SHALL BE FORFEITED.

### SPECIAL CONDITIONS

(1) L    (2) P

000034

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES, AND UNDER THE SEAL, OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AT AUSTIN, TEXAS ON THIS THE _____ 19th _____ DAY OF ___ MAY ___, 19 93.

BOARD OF PARDONS AND PAROLES

If Mandatory Supervision is satisfactorily completed. Discharge Date will be ___ 1-6-2016 ___

RULES AND GENERAL CONDITIONS OF MANDATORY SUPERVISION RELEASE AS PROVIDED BY
THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE
PARDONS AND PAROLES DIVISION, ART. 42.18, C.C.P.

In consideration of the release granted to me by the Board of Pardons and Paroles (Board) I do hereby accept such mandatory supervision. I recognize that my mandatory supervision release is conditional and agree to abide by the following terms and conditions:

1. Upon release from the institution, report immediately, as instructed, to my Parole Officer; thereafter, report as directed and follow all instructions from my Parole Officer which are authorized by the Board and the Pardons and Paroles Division.
2. Obey all municipal, county, state and federal laws.
3. Obtain written permission of my Parole Officer prior to changing my place of residence.
4. Obtain written permission of my Parole Officer prior to leaving the State of Texas.
5. I shall not own, possess, use, sell, nor have under my control any firearm, prohibited weapon or illegal weapon as defined in the Texas Penal Code; nor shall I unlawfully carry any weapon nor use, attempt or threaten to use any tool, implement or object to cause or threaten to cause any bodily injury.
6. The releasee shall avoid association with persons of criminal background.
7. The releasee shall not enter into any agreement to act as 'informer' or special agent for any law enforcement agency without specific written approval of the Division Director.
8. Abide by any Special Condition(s) imposed by the Board and the Pardons and Paroles Division; any such Special Condition(s) imposed upon release will be indicated on the face of this certificate by the letter(s) corresponding to the conditions as listed below.
9. General Provisions
   a. I hereby agree to abide by all rules of Mandatory Supervision and all laws relating to the revocation of Mandatory Supervision including, but not limited to, appearance at any hearings or proceedings required by the law of the jurisdiction in which I may be found or of the State of Texas. I further agree and consent that the receiving state, if I am under Compact Supervision, or any state wherein I may be found while on Mandatory Supervision or under Mandatory Supervision jurisdiction, may conduct such hearings as deemed necessary, proper or which may be required by law.
   b. I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my supervising officer with documentation verifying the payment by me of said amounts. I will be required to pay a supervision fee for each month I am required to report to a supervising officer as instructed by my supervising officer.
   c. In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Inter-State Compact for the Supervision of Parolees and Article 42.11 Texas Code of Criminal Procedure, and in consideration of being granted Mandatory Supervision by the Board of Pardons and Paroles, or for any reason I may be outside of the State of Texas, I hereby agree to and I hereby do waive extradition to the State of Texas from any jurisdiction in or outside the United States where I may be found; I do hereby further agree that I will not in any manner contest any effort by the State of Texas, or any state of jurisdiction, to return me to the State of Texas.

## SPECIAL CONDITIONS

C. Releasee shall not open a checking account.
D. Release to detainer or plan. (See attachment)
E. Releasee must attend basic education or vocational training as directed by supervising parole officer.
H. Hallway House Placement. (See attachment).
I. Releasee must notify any prospective employer regarding criminal history, if position of financial responsibility is involved.
L. Releasee shall be assigned to the highest level of supervision or supervision case load until appropriate level of supervision is further established by objective assessment instrument and supervision case classification.
M. Releasee shall comply with Sex Offender Registration Program.
O. Releasee shall comply with any other condition as specified herein. (See attachment)
P. Releasee shall participate in a Mental Health/Mental Retardation treatment or counseling program as directed by the supervising parole officer.
R. (Instate) Make restitution payments as required by supervising parole officer in a specified amount. (Out of State) By the 10th of each month, payments (cashier's check or money order) shall be paid to the Texas Department of Criminal Justice, Pardons and Paroles Division (P.O.Box 13401, Capitol Station, Austin, Texas 78711); in a specified amount.
S. Releasee shall submit to substance(alcohol/narcotics) treatment program, which may include urinalysis monitoring, attendance at scheduled counseling sessions, driving restrictions, or related requirements as directed by the supervising parole officer.
V. Releasee shall not contact victim(s).
Z. Releasee shall not enter the specified county without prior written approval.

000035

I HEREBY CERTIFY that I fully understand and accept each of the above conditions under which I am being released and agree that I am bound to faithfully observe each of the same. I fully understand and agree that a violation of or refusal of or refusal to comply with any of the conditions of Mandatory Supervision shall be sufficient cause for revocation of Mandatory Supervision; and I further understand that when a warrant or a summons is issued charging a violation of Mandatory Supervision rule or special conditions the sentence time credit shall be suspended until a determination is made in such case and such suspended time credit may be reinstated should such Mandatory Supervision be continued, as provided by law (Article 42.18, Section 14, C.C.P.). I understand and agree that while I am under Mandatory Supervision I am in the legal custody of the Texas Department of Criminal Justice Institutional Division subject to orders of the Pardons and Paroles Division and that I will receive credit on my sentence day for day (without commutation time);I further understand and do agree that in the event of revocation of this release on Mandatory Supervision, time spent on Mandatory Supervision will not be credited to my sentence.

AGREED AND SIGNED
on this date JUN 2 1 1993      Inmate's Signature
I hereby certify that these rules, regulations and conditions have been explained to the releasee and he has agreed to abide by the same upon his release.

JUN 2 1 1993

DATE

# State of Texas



BD.

## BOARD of PARDONS and PAROLES

# Certificate of Parole

No.  61 01454     OPS NO:

KNOW ALL MEN BY THESE PRESENTS:
The Board of Pardons and Paroles of the State of Texas has been furnished information by the Texas Department of Corrections that

PAUL                    MEZA                    264534
_____                    _____
        Name                                    TDC No.

now confined in the Texas Department of Corrections is eligible for Parole under the provisions of Art. 42.12 C.C.P.; that his parole has been adopted and approved by the Governor of the State of Texas; and that a satisfactory parole release plan has been submitted; THEREFORE, in consideration of such information and approval and the promises made by said inmate, The Board of Pardons and Paroles hereby orders that the said inmate be released on parole to the confines of

TRAVIS                              TEXAS
_____                    _____
      County                          State

and that he shall be under the supervision of
MR JACK DURWARD
DISTRICT PAROLE OFFICER
AUSTIN DISTRICT PAROLE OFFICE
1709 SAN ANTONIO
SUITE 2
AUSTIN TEXAS 78701
and that he be permitted to be at liberty in the legal custody of the Texas Department of Corrections but amenable to the orders of the Board of Pardons and Paroles and under the rules of parole during the unexpired portion of his sentence, calculated on calendar time only.

BE IT KNOWN that this permit to be at liberty on parole is granted upon condition that the said inmate has agreed to observe and perform all of the rules and covenants shown on the reverse of this certificate and any Special Conditions attached hereto and listed below, and that it shall become effective when all agreements contained in this order, as well as that set out on the reverse side hereof, are accepted and signed by the inmate, all of which are hereby made, and agreed by the inmate and the Board of Pardons and Paroles to be conditions precedent to said inmate's release. BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS PAROLE, AND THAT ALL TIME SERVED ON PAROLE SHALL BE FORFEITED.

### SPECIAL CONDITIONS

OUT PATIENT COUNSELING TO ASSIST WITH TRANSITION.

Issued by order, and under the seal, of the Board of Pardons and Paroles at Austin, Texas on this the____9TH____day of_____FEBRUARY  1981_____.

BOARD OF PARDONS AND PAROLES

by:_____

If parole is served satisfactorily, Discharge Date will be  10-15-91 .

000036

2. EMPLOYMENT REQUIRED.

3. RESIDENCE AND TRAVEL.

I shall freely cooperate and voluntarily submit to medical and/or chemical tests and examination for the purpose of determining whether or not I am under or use under the influence of alcohol, narcotic drugs, marijuana or other controlled substance.

4. WEAPONS. I shall not own, possess, use, sell, nor have under my control any firearm or other prohibited weapon.

5. ASSOCIATES.
A. I shall avoid association with persons of criminal background unless specifically approved by my Parole Officer in writing.
B. I shall not enter into any agreement to act as informant or special agent for any law-enforcement agency.

6. LEGAL OBLIGATION. I SHALL OBEY ALL MUNICIPAL, COUNTY, STATE AND FEDERAL LAWS.

7. GENERAL PROVISIONS.
A. I shall consult with my Parole Officer before entering marriage.
B. I agree to abide by any special conditions of parole as stipulated in writing by the Board of Pardons and Paroles or my Parole Officer.

C. OUT-OF-STATE PAROLE. In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Inter-State Compact for the Supervision of Parolees and Article 42.11 Texas Code of Criminal Procedure, and in consideration of being granted parole by the Texas Board of Pardons and Paroles, or for any reason I may be outside of the State of Texas, I hereby agree and I hereby do waive extradition to the State of Texas, from any jurisdiction in or outside the United States where I may be found. I do hereby further agree that I will not in any manner contest any effort by the State of Texas, or any state of jurisdiction, to return me to the State of Texas.

I HEREBY CERTIFY that I fully understand and accept each of the above conditions under which I am being released and agree that I am bound to faithfully observe each of the same. I fully understand and agree that a violation of or refusal to comply with any of the conditions of this parole shall be sufficient cause for revocation of this parole or an arrest upon a warrant issued by the Board of Pardons and Paroles and approved by the Governor; and I further understand that when a warrant is issued by the Board of Pardons and Paroles or Governor charging a parole violation, the sentence time credit shall be suspended until a determination is made by the Board of Pardons and Paroles or the Governor in such case and such suspended time credit may be reinstated by the Board of Pardons and Paroles should such parole be continued, as provided by law (Art. 42.12 (7e)d), Sec. 22, C.C.P. amended). I understand and agree that while on parole I am in legal custody of the Texas Department of Corrections subject to orders of the Board of Pardons and Paroles and that I will receive credit on my sentence day for day (without commutation time). I further understand and do agree that in the event of revocation of this parole, time spent on parole shall not be credited to my sentence.

SIGNED on this the 24th day of Feb. a.d., 19

I hereby certify that this parole agreement and statement of rules, regulations, and conditions has been read and explained to the parolee and he has agreed and consented to these rules, regulations, and conditions upon his release.

Institutional Parole Officer:

AGREED: Paul Meza
Signature

2-24-81
Date

DPO

State of

DPS NO:   2286353

TEXAS DEPARTMENT ... NAL JUSTICE
PARDONS and PAR ... ISION

## Certificate of Mandatory Supervision

## KNOW ALL MEN BY THESE PRESENTS:

The Texas Department of Criminal Justice Pardons and Paroles Division of the State of Texas has been furnished information by the Texas Department of Criminal Justice Institutional Division that

332350        R1
TDCJ No.

RAUL MEZA
Name

now confined in the Texas Department of Criminal Justice Institutional Division is eligible for Mandatory Supervision release under the provision of Art. 42.18 C.C.P. A satisfactory release plan has been submitted; THEREFORE, the Board of Pardons and Paroles hereby orders that the said inmate be released under Mandatory Supervision to the confines of the state and that he shall be deemed on mandatory supervision and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

MS. ELIZABETH QUINTANILLA
ALIVIANE INC
10690 SOCORRO ROAD
EL PASO TEXAS 79927

You will report to your assigned Parole Officer within 24 hours of release. Failure to do so will cancel your eligibility for further gate money funds.

and that he be permitted to be at liberty in the legal custody of the Texas Department of Criminal Justice Institutional Division but amenable to the orders of the Board of Pardons and Paroles and the Pardons and Paroles Division, and under the rules and conditions of mandatory supervision. The period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under mandatory supervision is also calculated as calendar time. This permit to be at liberty on mandatory supervision is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s). This certificate shall become effective when eligibility requirements for mandatory supervision under Art. 42.18 C.C.P. have been attained by said inmate or when mandatory supervision is ordered by the Board of Pardons and Paroles under Sections 8(c) or 8(d) of Art. 42.18 C.C.P.  BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS MANDATORY SUPERVISION, AND THAT ALL TIME SERVED ON MANDATORY SUPERVISION SHALL BE FORFEITED.

### SPECIAL CONDITIONS

(1) L    (2) P    Q, O 11-5-93 /nocontact w/children
Sxoffender Program 10-15-93

O-EM 7-30-93
V - 8-30-93

000038

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES, AND UNDER THE SEAL, OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AT AUSTIN, TEXAS ON THIS THE _____19th_____ DAY OF __MAY_____, 19 93

BOARD OF PARDONS AND PAROLES

If Mandatory Supervision is satisfactorily completed. Discharge Date will be   1-6-2016

RULES AND GENE.

MANDATORY SUPERVIC... ...ELEASE AS PROVIDED BY ...
.PARTMENT OF CRIMINAL JUSTICE
...AROLES DIVISION, ART. 42.18, C.C.F.

PA.

In consideration of the release granted supervision. I recognize that my mandatory

1.  Upon release from the institution, and follow all instructions from my I:

2.  Obey all municipal, county, state and

3.  Obtain written permission of my Parc

4.  Obtain written permission of my Parole.

5.  I shall not own, possess, use, sell, nor ha... in the Texas Penal Code; nor shall ... unlawfully carry any weapon nor use, attempt or threaten to use any tool, implement or object to cause or threaten to cause any bodily injury.

6.  The releaser shall avoid association with persons of criminal background.

7.  The releasee shall not enter into any agreement to act as 'informer' or special agent for any law enforcement agency without specific written approval of the Division Director.

8.  Abide by any Special Condition(s) imposed by the Board and the Pardons and Paroles Division; any such Special Condition(s) imposed upon release will be indicated on the face of this certificate by the letter(s) corresponding to the conditions as listed below.

9.  General Provisions

    a.  I hereby agree to abide by all rules of Mandatory Supervision and all laws relating to the revocation of Mandatory Supervision including, but not limited to, appearance at any hearings or proceedings required by the law of the jurisdiction in which I may be found or of the State of Texas. I further agree and consent that the receiving state, if I am under Compact Supervision, or any state wherein I may be found while on Mandatory Supervision or under Mandatory Supervision jurisdiction, may conduct such hearings as deemed necessary, proper or which may be required by law.

    b.  I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my supervising officer with documentation verifying the payment by me of said amounts. I will be required to pay a supervision fee for each month I am required to report to a supervising officer as instructed by my supervising officer.

    c.  In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Inter-State Compact for the Supervision of Parolees and Article 42.11 Texas Code of Criminal Procedure, and in consideration of being granted Mandatory Supervision by the Board of Pardons and Paroles, or for any reason I may be outside of the State of Texas, I hereby agree to and I hereby do waive extradition to the State of Texas from any jurisdiction in or outside the United States where I may be found; I do hereby further agree that I will not in any manner contest any effort by the State of Texas, or any state of jurisdiction, to return me to the State of Texas.

...Board of Pardons and Paroles (Board) I do hereby accept such mandatory
...h release is conditional and agree to abide by the following terms and conditions:
...mediately, as instructed, to my Parole Officer; thereafter, report as directed
...fficer which are authorized by the Board and the Pardons and Paroles Division.
...al laws.
...ficer prior to changing my place of residence.
...ficer prior to leaving the State of Texas.
...under my control any firearm, prohibited weapon or illegal weapon as defined

## SPECIAL CONDITIONS

C.  Releasee shall not open a checking account.

D.  Release to detainer or plan. (See attachment)

E.  Releasee must attend basic education or vocational training as directed by supervising parole officer.

H.  Halfway House Placement. (See attachment).

I.  Releasee must notify any prospective employer regarding criminal history, if position of financial responsibility is involved.

L.  Releasee shall be assigned to the highest level of supervision or supervision case load until appropriate level of supervision is further established by objective assessment instrument and supervision case classification.

M.  Releasee shall comply with Sex Offender Registration Program.

O.  Releasee shall comply with any other condition as specified herein. (See attachment)

P.  Releasee shall participate in a Mental Health/Mental Retardation treatment or counseling program as directed by the supervising parole officer.

R.  (Instate) Make restitution payments as required by supervising parole officer in a specified amount.
    (Out of State)  By the 10th of each month, payments (cashier's check or money order) shall be paid to the Texas Department of Criminal Justice, Pardons and Paroles Division (P.O. Box 13401, Capitol Station, Austin, Texas 78711); in a specified amount.

S.  Releasee shall submit to substance(alcohol/narcotics) treatment program, which may include urinalysis monitoring, attendance at scheduled counseling sessions, driving restrictions, or related requirements as directed by the supervising parole officer.

V.  Releasee shall not contact victim(s).

Z.  Releasee shall not enter the specified county without prior written approval.

I HEREBY CERTIFY that I fully understand and accept each of the above conditions under which I am being released and agree that I am bound to faithfully observe each of the same. I fully understand and agree that a violation of or refusal of or refusal to comply with any of the conditions of Mandatory Supervision shall be sufficient cause for revocation of Mandatory Supervision; and I further understand that when a warrant or a summons is issued charging a violation of Mandatory Supervision rule or special conditions the sentence time credit shall be suspended until a determination is made in such case and such suspended time credit may be reinstated should such Mandatory Supervision be continued, as provided by law (Article 42.18, Section 14, C.C.P.). I understand and agree that while I am under Mandatory Supervision I am in the legal custody of the Texas Department of Criminal Justice Institutional Division subject to orders of the Pardons and Paroles Division and that I will receive credit on my sentence day for day (without commutation time); I further understand and do agree that in the event of revocation of this release on Mandatory Supervision, time spent on Mandatory Supervision will not be credited to my sentence.

AGREED AND SIGNED

on this date __JUN 2 1 1993__ Inmate's Signature __Raul Meza__

I hereby certify that these rules, regulations and conditions have been explained to the releasee and he has agreed to abide by the same upon his release.

__JUN 2 1 1993__

PARDONS AND PAROLES DIVISION REPRESENTATIVE

DATE

PSL - 32 (9/92)

SEP 2 2 1994

000039